## OAKLEY *against* BECKER.

## PECKHAM *against* THE SAME.

The plain- tiff's attorney may, with the consent of the defendant, al- ter a *fi. fa.* af- ter it is placed in the sheriff's hands, so as to make it correspond with the judgment record, without entering a rule for the purpose.

Though a *fi. fa.* be voidable for variance from the record, the defendant alone can move to set it aside.

A judgment creditor in another suit has no right to do this.

JUDGMENT for the plaintiff in each cause. A *fi. fa.* in fa- vor of Peckham was delivered to the Sheriff April 29th, 1823, for $1000 debt and $15 25 costs ; and afterwards the Sheriff

received another *fi. fa.* in favor of Oakley, for $1454, debt, and $16 34 costs. The Sheriff having sold the personal property of the defendant, and that not being sufficient to satisfy the executions.

*A. Vanderpoel* moved that he apply the proceeds first to the satisfaction of the junior execution; and one ground which he took was, that after the senior execution was delivered to the Sheriff, the attorney for the plaintiff therein altered it, from $15 25 to $14 75, costs, so as to make it correspond with the judgment record. The attorney had sent the record of judgment, which was by confession, by mail to the Clerk's office with a bill of costs to be taxed, and without hearing from it, issued his *fi. fa.* supposing his bill had been taxed as he had made it out. Having been taxed at less, the alteration became necessary. The defendant did not consent to the alteration at the time it was made; but

*Bushnel,* contra, read an affidavit showing that he afterwards consented to it, in writing.

*Vanderpoel.* A writ cannot be altered in the Sheriff's hands by consent. There should have been a rule to amend.

[SUTHERLAND, J. But can a third person avail himself of this irregularity?

WOODWORTH, J. If the Sheriff had sold without any alteration, we should have amended the *fi. fa.* on the plaintiff's application.]

*Vanderpoel.* True, if this had been a mere mistake, but it is not so. The variance is owing to the party's own culpable precipitancy.

[WOODWORTH, J. I do not see how this variance can work any injury to you.]

ALBANY,
Feb. 1824.

*Vanderpoel.* I am not aware that the Court have ever gone so far as to say that a third person cannot take advantage of such an irregularity.

[SUTHERLAND, J. It seems to me the defendant had a right to waive it at any time.]

*Vanderpoel.* I had supposed *Thompson* v. *Bristow,* (Barn. 205,) a direct authority in support of this application; or, at any rate, that the plaintiff can avoid the preference, which we claim, only by motion to amend, on payment of the costs of this motion.

*The Court* denied the motion with costs.

Motion denied.