WALTER S. CHURCH, Appellant, *v.* THOMAS B. SIMMONS, Impleaded, etc., Respondent.

Upon an appeal from a judgment against defendant W., in an action for the recovery of possession of real property, he gave an undertaking to stay proceedings, in the form prescribed by the Code of Procedure (§ 338), containing among other things this provision that " during the possession of such property by the appellant he will not commit or suffer to be committed any waste thereon." The judgment appealed from was affirmed by the General Term. W. appealed to this court, giving the requisite undertaking with new sureties. While this appeal was pending W., who remained in possession, committed waste. In an action on the undertaking given on appeal to the General Term *held*, that the surety was liable for the waste so committed; that his liability was not limited to waste committed pending the appeal to the Supreme Court.

*Hinckley* v. *Kreitz* (58 N. Y. 583), distinguished.

*It seems* that if after judgment of affirmance the defendant had continued in possession by permission of the plaintiff under an agreement constituting the relation of landlord and tenant, the obligation of the surety would not extend to subsequent acts of the tenant.

*It seems* also that after such judgment the surety would have been entitled to call upon the plaintiff to execute the judgment and relieve him from liability; and unreasonable delay in proceeding after such notice would discharge the sureties from liability as to subsequent acts.

*It seems* also that the sureties in the first undertaking would be entitled to resort for their indemnity to the undertaking on the second appeal.

*Church* v. *Simmons* (19 Hun, 220), reversed.

(Argued December 8, 1880 ; decided December 21, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 26, 1879, reversing in part a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 19 Hun, 220.)

This action was brought upon an undertaking signed by defendant Witbeck as principal and defendant Simmons as surety. The nature of the undertaking and the material facts appear in the opinion.

*Samuel Hand* for appellant. Defendant's liability extended

to the final determination of the action. (*Robinson* v. *Plympton*, 25 N. Y. 484; *Drummond* v. *Russo*, 4 Kern. 60, 64; old Code, §§ 338, 348.) Such undertakings are not to be construed strictly in favor of the sureties, but in such a manner as to effectuate and carry out the intent of the parties. (*Traver* v. *Nichols*, 7 Wend. 434; *Ball* v. *Gardner*, 21 id. 270; *Smith* v. *Crouse*, 24 Barb. 433; *Libbles* v. *O'Connor*, 28 id. 538; *Gardner* v. *Barney*, 24 How. 467; affirmed by Court of Appeals. See *Seacord* v. *Morgan*, 3 Keyes, 638; *Bennett* v. *Brown*, 20 N. Y. 99; *Robinson* v. *Plympton*, 25 id. 484.) The fact that another undertaking was given on the appeal to the Court of Appeals cannot prejudice plaintiff. (*Wood* v. *Fisk*, 63 N. Y. 245; *Davis* v. *Van Buren*, 72 id. 587; *Risley* v. *Brown*, 67 id. 160; *Hauck* v. *Craighead*, id. 432.)

*Martin I. Townsend* for respondent. The defendant's liability was fixed when the appeal was taken to the Court of Appeals. (*Hinckley* v. *Kreitz*, 58 N. Y. 583.)

ANDREWS, J. The undertaking upon which the action is brought was executed on the appeal by the defendant Witbeck to the General Term, from a judgment for the recovery of the possession of real property rendered in favor of the plaintiff, for the purpose of staying the execution of the judgment pending the appeal, and is in the form prescribed by section 338 of the old Code. The undertaking contains, among the other provisions prescribed, a provision that " during the possession of such property by the appellant, he will not commit, or suffer to be committed, any waste thereon." The judgment appealed from was affirmed by the General Term, September 28, 1865. On the 4th of October, 1865, the defendant Witbeck appealed to the Court of Appeals from the judgment of affirmance by the General Term, and perfected his appeal and gave the requisite undertaking with new sureties to stay execution pending the appeal to that court. He remained in possession of the premises recovered in the action until after the final affirmance of the judgment in this court, January 12, 1867, and in the winter of 1866–7, while the appeal to the Court of Appeals.

was pending, committed the waste for which this action is brought. The referee directed judgment for the value of the use and occupation up to the amount specified in the undertaking and for the damages occasioned by the waste. The General Term reversed the judgment entered on said report as to the latter item. The only question presented on this appeal is whether the surety in the undertaking on the appeal to the General Term is liable on his undertaking for waste committed by his principal while in possession of the premises after the affirmance of the judgment on that appeal, and after the new undertaking was executed on the appeal to this court.

There can be no doubt that such liability is within the letter of his obligation. The undertaking is that the principal shall not commit, or suffer to be committed, any waste " during the possession " of the premises by the appellant. The liability is not by the language of this clause limited to waste committed during the appeal, or while the plaintiff is kept out of possession by the stay, secured by the undertaking. If such a limitation exists, it must be found in other clauses of the obligation which restrain and limit the meaning of the clause in question.

It is now understood that the contracts of sureties are subject to the same general rules of construction as other contracts. They are to have a fair and reasonable interpretation, according to the general rules of interpretation applicable to all contracts. While on the one hand sureties are not to be made liable by a strained construction of the contract, on the other, full effect is to be given to the language employed as in other cases. (*Gates* v. *McKee*, 13 N. Y. 232; *Rochester City Bank* v. *Elwood*, 21 id. 88.)

We perceive no ground upon which it can be held that the liability of the surety in this case can be limited to waste committed, pending the appeal to the Supreme Court. The defendant in the judgment, by means of the undertaking, was enabled to retain possession of the property, and so long as he retained possession in hostility to the judgment, the sureties, according to the fair import of the undertaking, are responsi-

ble for waste. The statute requires that the undertaking, in addition to the provision as to waste, shall also contain a provision to the effect that the principal shall pay the value of the use and occupation of the property, not exceeding a sum to be fixed by a judge of the court, "from the time of the appeal until the delivery of possession thereof, pursuant to the judgment." Under this provision the sureties would be liable up to the limit fixed, for the use and occupation of the property by their principal, after the affirmance of the judgment. There is nothing unreasonable in requiring that the defendant who retains possession in hostility to the judgment should execute an indemnity against his tortious injuries to the property, so long as he retains such possession. Certainly no less reason for this exists than for the requirement that he should give an undertaking to pay for the use and occupation during the same time.

The surety by this construction of the undertaking is not, as is claimed, subjected to a continuing and indefinite liability, from which he cannot be discharged so long as the plaintiff chooses to permit the principal to continue in possession. In the first place, if, after the judgment of affirmance, the continuance in possession by the defendant is by permission of the plaintiff, under an agreement between them constituting the relation of landlord and tenant, the obligation of the surety would not extend to acts of the tenant, because his possession in that case would be referable to the agreement, and not to the undertaking; and in the second place the surety would be entitled to call upon the plaintiff to execute the judgment of possession, and relieve him from liability, and an unreasonable refusal or neglect by the plaintiff to proceed after such notice would discharge the surety from liability for the subsequent acts of the defendant within the well-settled doctrine that a party holding the obligation of a surety is bound upon request to proceed with diligence against the principal, and that if he omits to do so, and damage ensues, the surety is discharged. (*Pain* v. *Packard*, 13 Johns. 173 ; *King* v. *Baldwin*, 17 id.

384; *Schroeppell* v. *Shaw*, 3 N. Y. 446; *Colegrove* v. *Tallman*, 67 id. 95.)

In this case the plaintiff could not have been called upon by the sureties in the undertaking, on the appeal to the General Term to enforce the judgment, while his proceedings were stayed on the appeal to the Court of Appeals. But for any liability in consequence of the acts of Witbeck during this time, the sureties in the first undertaking would be entitled to resort for their indemnity to the undertaking of the sureties on the second appeal. (*Hinckley* v. *Kreitz*, 58 N. Y. 583.)

The case last cited is relied upon by the counsel for the sureties as an authority against the construction we have given to the undertaking in question. It was held in that case that the undertaking required to be given by an appellant, on appeal to the General Term from a money judgment " to pay all costs and damages which should be awarded against him on said appeal," did not make the sureties liable for the costs of a subsequent appeal by the same appellant to the Court of Appeals. This decision proceeded upon the ground that the words "said appeal" referred to the appeal in which the undertaking was given. In this case the language of the clause in question is not limited to waste committed during the appeal to the General Term, and no intention so to limit it can be inferred from the other provisions in the undertaking, but, on the contrary, they tend to support a construction according to its language.

The judgment, we think, should be reversed, and the judgment on the report of the referee affirmed, with costs.

All concur.

Judgment reversed.