CHARLES CHRISTAL et al., Executors, etc., Respondents, *v.* BERNARD KELLY et al., Appellants.

In an action originally commenced against two members of a firm upon a firm indebtedness, the defendants gave an undertaking to discharge an attachment, and thereafter, a plea in abatement having been interposed, the attorney for the original parties stipulated for the amendment of the summons and complaint, so as to bring in, as defendant, another, a partner in the firm. The summons was amended without the order of the court, or the consent of the sureties in the undertaking, by inserting the name of the third defendant, who voluntarily appeared in the action, and judgment was recovered against all three of the defendants. In an action upon the undertaking, *held* that the amendment was not, in effect, the commencement of a new action, but simply the continuance of the old one; that the judgment, although it included the added defendant, was a judgment against the original defendants within the meaning of the undertaking; and so, that defendants were liable.

Also *held*, that the fact that the summons was amended without the order of the court did not affect the validity of the judgment (2 R. S. 425, § 7;

Code of Civil Procedure, § 721), and the parties, having consented to the amendment, could not object on the ground that no order was procured.

The court allowed a certified copy of the attachment to be given in evidence under an objection that it had not been shown that the attachment had been granted. *Held,* that the evidence was immaterial, as the under_taking recited the issuing of an attachment, and that was sufficient proof of the fact.

Defendant excepted to the reading in evidence of the original summons and complaint which were attached to the judgment-roll, on the ground that they formed no part of the record. *Held* untenable; that they were admissible to show the identity of the action with that described in the undertaking, and assuming they were not properly a part of the record, their admission in connection with it was not error.

The answer in the original action was withdrawn, and judgment entered by the clerk as upon default. It was objected that the record contained no proof of a personal service of summons, and this was essential to authorize such an entry. The judgment recited an appearance by the defendant. *Held,* that the objection was untenable, as a voluntary appearance was equivalent to personal service.

(Argued February 21, 1882 ; decided March 7, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, made February 15, 1881, which affirmed a judgment in favor of plaintiffs, entered on a decision of the court on trial without a jury. (Reported below, 24 Hun, 155.)

This action was brought against defendants as sureties upon an undertaking given to discharge an attachment. The court found, in substance, that in July, 1870, plaintiffs commenced an action against William Christal and Joseph Struthers, upon a note given by the firm of Christal & Struthers, which firm, the complaint alleged, was composed of said defendants. That a warrant of attachment against the property of said William Christal was issued. That defendants appeared and made application for a discharge of said attachment, and for such purpose the undertaking in suit was executed, proved and filed, and thereupon the attachment was discharged. The undertaking recited the issuing of the attachment and the proposed application for·a discharge thereof by the defendants in said action, and the sureties, "pursuant to the statute," undertook that they would, "on demand, pay to the above-

named plaintiffs the amount of the judgment which may be recovered against the above-named defendants." The court also found, that after the discharge of the attachment, said defendants, Christal & Struthers, answered, setting up the non-joinder as defendant of Charles E. Christal, who was a partner with them in the firm of Christal & Struthers, and thereafter, in August, 1870, a written stipulation was signed by the attorneys of the parties " without the knowledge or consent of the defendants in this action," to the effect that the summons and complaint and all papers and proceedings might be amended by adding the name of Charles E. Christal as a party defendant, and thereafter, " without any order of the court allowing the amendment," the plaintiffs in that action served upon the attorneys for the original defendants an amended summons and complaint, in which the name of Charles E. Christal was added as a party defendant, which complaint all of said defendants answered. That afterward, the attorneys of the defendants gave notice to plaintiffs' attorneys of the withdrawal of the answer, and thereupon plaintiffs' attorneys entered up judgment as by default against all three defendants for $7,918.63 ; an execution thereon was issued and returned unsatisfied, etc.

Further facts appear in the opinion.

*Homer A. Nelson* for appellants. By the service of the amended summons and complaint, the original summons and complaint were superseded and became no part of the record. (Code, § 281 ; *Brown* v. *Saratoga R. R. Co.*, 18 N. Y. 495 ; *Thornton* v. *St. Paul R. R. Co.*, 6 Daly, 513.) The summons was process, and after it had been issued and served, became a record of the court, and could not be amended without leave of the court. (2 R. S. 425, § 9 ; Code, § 173 ; *McCrane* v. *Moulton*, 3 Sandf. Sup. Ct. 736 ; *Follower* v. *Laughlin*, 12 Abb. 105 ; *Russell* v. *Spear*, 5 How. Pr. 142 ; *Billings* v. *Baker*, 6 Abb. 218 ; *People* v. *Montgomery*, 18 Wend. 632.) The effect of an amendment of the summons by stipulation and without an order of the court, by the addition of Charles E. Christal as a defendant in the action,

was to release the sureties upon the undertaking. (Code, § 173; *Barnes* v. *Barrow*, 61 N. Y. 41; *Wood* v. *Fisk*, 63 id. 250; *Poppenheim* v. *Seely*, 3 Keyes, 151.) There can be but one summons in the action, and that must contain the names of all the parties, and is served by delivering a copy of it to the defendant, to whom it must be directed. (Code, §§ 127, 128, 134; *Follower* v. *Laughlin*, 12 Abb. 106.) The entry of a judgment by the clerk, except in cases in which he is authorized so to do, is a simple nullity. (*Macomber* v. *The Mayor*, 17 Abb. 46.) The summons could not be amended without the order of the court or of some other court of competent jurisdiction. (2 R. S. 425, § 9; Code, § 173; *McCrane* v. *Martin*, 3 Sandf. Sup. Ct. 736; *Tollmer* v. *Laughlin*, 12 Abb. 105; *Rumer* v. *Spear*, 5 How. Pr. 142; *Billings* v. *Baker*, 6 Abb. 218; *People* v. *Montgomery*, 18 Wend. 632.) The liability of sureties is always *strictissimi juris*, and should not be extended by construction. (*McCluskey* v. *Cromwell*, 11 N. Y. 598; *Barnes* v. *Barrow*, 61 id. 39; Code, § 241; *Wood* v. *Fisk*, 63 N. Y. 250, 251.)

*Edward S. Clinch* for respondents. The presumption is that the process of the court was regularly issued. (7 Wait's Actions and Defenses, 181; *Bosworth* v. *Vanderwalker*, 53 N. Y. 597; *Kundolf* v. *Thalheimer*, 17 Barb. 506; *Bloom* v. *Burdick*, 1 Hill, 130; Code of Civil Procedure, § 933.) The issue of the warrant is recited in the defendants' undertaking, and they are estopped from contradicting this recital. (*Bank of U. S.* v. *Housman*, 6 Paige, 535; *Meriam* v. *Harsen*, 2 Barb. Ch. 267; *Goit* v. *N. P. Ins. Co.*, id. 192; *Shephard* v. *Little*, 14 Johns. 210; *Barnum* v. *Childs*, 1 Sandf. 58; *Wood* v. *Chapin*, 13 N. Y. 509; *Jackson* v. *Alexander*, 3 Johns. 484; *Bildersee* v. *Aden*, 12 Abb. [N. S.] 324; *Diossy* v. *Morgan*, 74 N. Y. 11.) The principals having consented to the amendment, and having appeared and answered could not now object to the validity of the judgment against them, and their sureties are in no better position than they. (*Oakley* v. *Becker*, 2 Cow. 454; 2 R. S. 359, § 2; Code Civil Proc., § 1282; 16

Hun, 243; *Ward* v. *Kalbfleisch*, 21 How. 283; *Hurley* v. *Second Building Ass'n*, 15 Abb. 206.) The sureties cannot question the validity of the judgment against their principals. (*Scofield* v. *Churchill*, 72 N. Y. 565, 570; *Methodist Church* v. *Baker*, 18 id. 466; *Carsoni* v. *Jerome*, 58 id. 321; *Thayer* v. *Clark*, 48 Barb. 243; Aff'd, 4 Abb. Ct. of App. 391.) When the defendants undertook, "pursuant to the statute in such case made and provided," to pay the judgment recovered in the action, they meant in an action subject to all the incidents to an action under the Code of Procedure. (*Furniss* v. *Brown*, 8 How. 59; *Plumb* v. *Whipples*, 7 id. 411; *Toll* v. *Cromwell*, 12 id. 79; *Gilmore* v. *Cromwell*, 67 Barb. 62, 64; *McCluskey* v. *Cromwell*, 11 N. Y. 598; *Wood* v. *Fish*, 63 id. 245; *Jewett* v. *Crane*, 35 Barb. 208; *Cockroft* v. *Claflin*, 64 id. 464.)

ANDREWS, Ch. J.    The principal question on the merits presented on this appeal is, whether the sureties in an undertaking given to discharge an attachment in an action originally commenced against two defendants, as copartners, to recover on a firm note, are liable to pay a judgment subsequently recovered on the note against the original defendants and another person, a partner in the firm, who was brought in after plea in abatement interposed by the original defendants, by stipulation between the attorneys for the original parties, for the amendment of the summons and complaint, and his subsequent voluntary appearance in the action, the summons being amended by inserting the name of the third defendant, but without the order of the court or the consent of the sureties in the undertaking.

The undertaking was executed in conformity to the statute. (Code, § 241.) It was entitled in the action between the original parties and recited the issuing of an attachment, the appearance of the defendants, and that they were about to apply to have the attachment discharged, and following the recital was the undertaking of the sureties in the sum of $15,000 " on demand to pay the above-named plaintiffs the amount of the judgment which may be recovered against the above-named

defendants in this action, not exceeding the above-mentioned sum." The defendants mainly rely upon two grounds in answer to the action : *First,* that the judgment was not recovered in the action in which the undertaking was given, but in a new action against three defendants, and that the judgment recovered is not, for that reason, within the terms of the undertaking; and, *second,* that the undertaking only extends to a judgment recovered against the two defendants originally named when the undertaking was given, and does not embrace a liability for a joint judgment against those persons and another.

We are of the opinion that neither of these objections is well founded. The amendment of the summons and complaint, by consent of the original parties, and without the order of the court, followed by the subsequent voluntary appearance of the party not originally brought in, was not the commencement of a new action, but was the continuance of the original action, with the addition of another defendant. The cause of action was unchanged, to-wit: the obligation of the firm of Christal & Struthers. The necessity for the amendment arose solely from the fact disclosed by the original answer, that Charles E. Christal was a member of the firm. He having been brought in, the suit proceeded to judgment. If the plaintiffs, instead of obtaining the stipulation of the original defendants to an amendment, had applied to the court for leave to bring in the additional defendant, no doubt could be entertained of the power of the court to grant the relief. The power of the court to amend any process, pleading or proceeding by adding or striking out the name of any party is expressly given. (Code, § 173.) The section referred to, however, is declaratory only. The power to amend process and pleadings is inherent in the court as a part of its ordinary jurisdiction. When a new party is brought in by order of the court, no one, we presume, would claim that a new action was commenced. The party brought in would become a party to an existing action, and not to another and distinct action. Otherwise the original defendants might set up, by answer to the amended suit, a former action pending, and this would be manifestly

absurd. The fact that the summons was amended by the stipulation of the parties, without the order of the court, does not, we think, affect the validity of the judgment. . The Revised Statutes (2 R. S. 425, § 9) provide that no process shall be amended without the order of the court. But they also provide (2 R. S. 425, § 7) that no judgment entered by default shall be reversed, impaired, or in any way affected for any want of writ, original or judicial, or for any default or defect in process, or any informality in entering a judgment or making up the record thereof, or any default or negligence of any clerk or officer of the court, or of the parties or their attorneys, by which neither party shall have been prejudiced. This section covers the alleged defect on account of the omission to procure the order of the court allowing the amendment. The answer of the defendants had been withdrawn before judgment, and the judgment was entered by default. (See *Oakley* v. *Becker*, 2 Cow. 454.) The parties, having consented to the amendment, cannot object to the judgment on the ground that no order was procured; and the principals being bound thereby, the sureties are bound also. (*Casoni* v. *Jerome*, 58 N. Y. 315; *Scofield* v. *Churchill*, 72 id. 565.) Besides, assuming the judgment to be irregular, that fact does not tend to establish that it was rendered upon a new cause of action created by the amendment. · We conclude, therefore, that the first ground of defense is not well taken, and that the judgment is in the action in which the undertaking was given, and meets that condition of the defendants' obligation.

· The *second* ground of defense proceeds upon the assumption that the undertaking to pay any judgment against the original defendants, does not apply to a judgment against them and another defendant brought in by amendment after the undertaking was executed. It is well settled that sureties are only bound by the terms of the obligation, and their liability cannot be extended to cases not within the fair construction and meaning of the language used. (*Church* v. *Simmons*, 83 N. Y. 261, and cases cited.) In determining whether the judgment against the three defendants is a judgment against the defend-

ants originally named, within the meaning of the undertaking, it is important to bear in mind that the undertaking was given under a statute which prescribed the terms of the obligation to be given, and in that sense the language is the language of the statute, and not that voluntarily chosen by the parties. It is also important to consider the object of the statute authorizing the undertaking. It was intended for the benefit of defendants whose property had been, or might be, attached under process, to enable them to substitute for the property which had been or might be attached, security for the payment of any judgment which might be recovered in the action, and thereby relieve their property from the actual or apprehended lien of the process. This is sufficiently clear upon general considerations, but is rendered very plain by the provision authorizing the court to limit the undertaking to double the appraised value of the attached property. (Code, § 241.) It is also clear that except for the undertaking, the attached property would have been available to satisfy the judgment obtained against these defendants. If the plaintiffs could have proceeded against the property, in case the undertaking had not been given, it seems to follow that they can proceed against the sureties, who have substituted their obligation in place of it. So also in a case where the sureties have by their intervention before actual levy of the attachment prevented the execution of the process, they are liable within the fair intendment of their contract, for a judgment recovered against their principals, which might have been secured by the attachment, although the judgment included other defendants than those named when the undertaking was executed. For these reasons we think the second ground of defense fails also.

There are some questions of a mere technical character remaining to be considered. The court allowed a certified copy of the attachment to be given in evidence. The grounds of the objection were, that no authority to issue the attachment had been shown, and that it was not shown that an attachment had been granted. A sufficient answer to the objection is that the evidence admitted was immaterial. Another decisive

answer is that the undertaking recited the issuing of an attachment, and that was sufficient proof of the fact. (*Coleman* v. *Bean*, 3 Keyes, 94; *Haggart* v. *Morgan*, 5 N. Y. 422.) The defendants excepted to the reading of the original summons and complaint attached to the judgment-roll, on the ground that they formed no part of the record. The original papers were admissible to show the identity of the action on which the judgment was recovered, with the action mentioned in the undertaking. Assuming that these papers were not properly made a part of the record, their admission in connection with it, was not error. The objection was not taken that they should have been proved *aliunde*. The defendants subsequently read the original complaint in evidence as part of their case. The point is now raised that the judgment recovered contains no proof of personal service of the summons, and that this was esential to authorize an entry of judgment by the clerk as upon a default. This objection was not taken on the trial. The judgment recites an appearance by the defendants. A voluntary appearance is equivalent to the personal service of a summons. We think this fact justified the entry of judgment by the clerk. There are no other questions in the case which need special consideration.

We find no error in the record, and judgment should be affirmed.

All concur.

Judgment affirmed.