## Court of Oyer and Terminer—New York County.

*May,* 1891.

## PEOPLE *v.* CLARK.

MOTION TO SET ASIDE INDICTMENT ON GROUNDS NOT SPECI-
FIED IN CODE OF CRIMINAL PROCEDURE—WHAT
EVIDENCE MUST BE BEFORE GRAND JURY
TO JUSTIFY INDICTMENT—CODE
CRIM. PROC. §§ 312–313.

Independent of the powers conferred upon them by statute, courts
have inherent power over the procedure in actions pending be-
fore them, and over their judgments therein, where it is neces-
sary that such power be exercised in furtherance of justice.

The grand jury have no power to find an indictment without evi-
dence; and they are only authorized to find an indictment when
all the evidence before them, taken together, is such as in their
judgment would, if unexplained or uncontroverted, warrant a
conviction by a trial jury.

An indictment charged defendants with a misdemeanor committed
by them as directors and officers of a foreign corporation operat-
ing a railroad in this state. The offence charged was the man-
ner in which the railroad was operated. The indictment also
contained counts accusing them as individuals of the commis-
sion of the same offence. The evidence before the grand jury
showed that the only connection of defendants with the alleged
offence was as directors and officers as aforesaid.—*Held,* that a
motion to set aside the counts of the indictment against them as
individuals should be granted.

Motion by defendants to strike out of an indictment for
misdemeanor two counts, on the ground that there was no
evidence before the grand jury to support them.

The indictment which was found against Charles P. Clark, Wilson G. Hunt, E. H. Trowbridge, William D. Bishop, Nathaniel Wheeler, Henry C. Robinson, Edward M. Reed, Joseph Park, Chauncey M. Depew, Henry S. Lee, William Rockefeller, and Leverett Brainard charged in seven counts a violation, in the operation of the New York, New Haven & Hartford Railroad Company within the city and county of New York, of the provisions of the statute commonly called the " Car-stove Heating Act," chapter 616 of the laws of 1887, as amended by chapter 189 of the laws of 1888 and chapter 76 of the laws of 1889.

The defendants moved to set aside the fifth and seventh counts of the indictment upon the ground that there was no evidence before the grand jury to support them.

The first, second, third, fourth, and sixth counts of the indictment are given in the report of the decision upon the demurrer which was after the decision of the present motion interposed to them, at page 179 of this volume.

The fifth and seventh counts of the indictment, against which the present motion is directed, are as follows :

FIFTH COUNT.

" And the grand jury aforesaid by this indictment further accuse the said Charles P. Clark, Wilson G. Hunt, E. H. Trowbridge, William D. Bishop, Nathaniel Wheeler, Henry C. Robinson, Edward M. Reed, Joseph Park, Chauncey M. Depew, Henry S. Lee, William Rockefeller, and Leverett Brainard of the same misdemeanor, committed as follows :

" Heretofore, to wit, on the said twentieth day of February, in the year of our Lord one thousand eight hundred and ninety-one, and for a long time prior thereto, the said defendants " (naming them) " did and yet do operate, maintain, and use a certain steam-railroad more than fifty miles in length, and known as The New York, New Haven &

Hartford Railroad, and at all the times aforesaid the said steam-railroad was and yet is doing business in this state, and in the city and county of New York aforesaid, in the hauling and running of trains of cars for the conveyance and transportation of passengers and freight in, by, over, and along a certain line of railroad, a great portion thereof —to wit, twenty-six miles thereof and upwards—being within this state, and a portion—to wit, ten miles thereof and upwards—being also within the said city and county of New York.

" And the said defendants" (naming them) " on the said twentieth day of February, in the year aforesaid, at the city and county aforesaid, did unlawfully heat the passenger-cars of the said steam-railroad on other than mixed trains, to wit: Divers passenger-cars on, of, and composing divers passenger-trains then and there run, hauled, used, and operated by the said steam-railroad, by the act, procurement, direction, sufferance, and permission of them the said defendants " (naming them) " for the conveyance of passengers in, by, over, and along the said line of railroad, and in, by, over, and along that portion thereof lying within the city and county of New York aforesaid (the number of said passenger-trains and of the said passenger-cars on, of, and composing the same, as aforesaid, being to the grand jury aforesaid unknown), and did cause, procure, suffer, and permit the said passenger-cars to be heated (not for temporary use in case of accident or other emergency, but as the regular and usual method of heating such cars while the same were in actual use and service, and being hauled and run as aforesaid, and in motion) by means of stoves kept inside of such cars, none of the said cars having been or being then equipped with apparatus to heat by steam, hot water, or hot air from the locomotive hauling or drawing the same or from a special car, against the form of the statute in such cases made and provided, and against the peace of the people of the State of New York and their dignity."

### SEVENTH COUNT.

"And the grand jury aforesaid by this indictment do further accuse the said defendants" (naming them) "of the same misdemeanor, committed as follows:

"Heretofore, to wit, on the said twentieth day of February, in the year of our Lord one thousand eight hundred and ninety-one, and for a long time prior thereto, the said defendants" (naming them), "all late of the city and county aforesaid, did and yet do operate, maintain, and use a certain steam-railroad more than fifty miles in length, and known as The New York, New Haven & Hartford Railroad, which said steam-railroad then and there did and yet does business in this state in the hauling and running of trains of cars for the conveyance and transportation of passengers and freight in, by, over, and along a certain line of railroad, ten miles thereof and upwards lying and being within the city and county aforesaid.

"And the said defendants" (naming them) "on the day and in the year aforesaid, at the city and county aforesaid, did unlawfully cause and procure, suffer, and permit the said steam-railroad to heat its passenger-cars on other than mixed trains, to wit: Divers passenger-cars on, of, and composing divers passenger-trains then and there run, hauled, used, and operated by the said steam-railroad for the conveyance of passengers in, by, over, and along the said line of railroad, and in, by, over, and along that portion thereof so lying and being within the said city and county (not for temporary use in case of accident or other emergency, but as the regular and usual method of heating such cars while the same were in actual use and service, and being hauled and run as aforesaid and in motion) by means of stoves kept inside such cars, none of the said cars having been or being then equipped with apparatus to heat by steam, hot water, or hot air from the locomotive hauling or drawing the same or from a special car; against the form of the statute," etc.

*James C. Carter* and *John M. Bowers,* for defendants.

*Delancey Nicoll,* district attorney (*McKenzie Semple,* assistant), for the people.

VAN BRUNT, P.J.—The defendants herein having been indicted for a misdemeanor under chapter 616 of the laws of 1887, as amended by chapter 189 of the laws of 1888 and chapter 76 of the laws of 1889, by an indictment consisting of seven counts, this motion is made to set aside the fifth and seventh counts of said indictment.

The other counts accused the defendants of a misdemeanor, and alleged that the New York, New Haven & Hartford Railroad Company is a corporation organized and existing under the laws of the state of Connecticut, and operating a steam-railroad of more than fifty miles in length, twenty-six miles of which is within this state, and some portion thereof within the city and county of New York; and some of them alleged that the defendants were the president and directors of said corporation, and as such directors then and there had the charge, control, and supervision of the equipment, management, and operation of said railroad, and of the trains and cars operated and used by said railroad for the purpose of transporting passengers, and that said cars were heated by means of stoves kept in said cars, none of them having been equipped with an apparatus to heat by steam, hot water, or hot air from the locomotive hauling or drawing the same or from a special car, against the statute in such case made and provided. Other counts, after alleging the operation of said railroad by the New York, New Haven & Hartford Railroad Company, averred that the defendants unlawfully heated the passenger-cars of said steam-railroad by means of stoves kept in said cars, against the form of the statute, etc., or aided and abetted in the commission of said crime and misdemeanor.

The fifth and seventh counts accused the said defendants of the same misdemeanor, simply alleging that the

defendants operated and maintained the railroad, and that they heated the cars by means of stoves, against the form of the statute, etc.

This motion is now made to strike out the fifth and seventh counts of the indictment, upon the ground that there was no evidence before the grand jury to support the same; and the only question which was presented to the court upon this application was with regard to the power of the court to entertain the motion, and attention was called to sections 312 and 313 of the Code of Criminal Procedure.

Those sections are as follows : Section 312, "In answer to the indictment the defendant may either move the court to set the same aside, or may demur or plead thereto." Section 313, "The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases : when it is not properly endorsed ; when improper persons have been permitted to be present during the session of the grand jury."

And it is urged that there being no provision for the making of the motion now before the court, the court has no power to entertain the same.

In the case of People v. Sharp, decided in April, 1887, I expressed the opinion, to which I still adhere, that, applying all the ordinary rules of statutory construction to the case at bar, the objection is well taken.    The Code of Criminal Procedure was intended to form a complete Code of criminal practice, and was designed to supersede all forms of procedure which had previously existed, and it having legislated upon the subject of when the indictment must be set aside upon motion, it was to be presumed that it was the intention of the legislature that that should be exclusively the method by which, and the causes for which, such relief could be granted.    That this was the true principle of construction was expressly recognized in the case of People v. Petrea (92 N. Y. 128, 3 N. Y. Crim. Rep. 233), in which the court say : "The Code by defining the cause for which the indictment may be set aside must by the

general rule of construction be held to exclude the enter-taining of the motion for other causes than those specified. The intention of the Code was to destroy technical defences to indictments not affecting the merits, as is apparent from the sections cited as well as the provisions relating to amendments and proceedings upon the trial (*Code Crim. Pro.* §§ 293, 362)."

Since the decision of that case, however, the question has come up in various forms, and the courts, almost with-out exception, have, because of the manifest injustice and hardship of the application of this rule, amended the Code by judicial decision giving to the court the power to en-tertain such motions in cases not named in the Code, the argument being that as a charge does not become an in-dictment until it is legally found, the court must, of neces-sity, be able to determine whether a paper placed upon its files is an indictment or not. Consequently, motions have been entertained to set aside an indictment where the con-stitutional privileges of a defendant have been invaded by calling him before the grand jury and compelling him to testify (People *v.* Singer, 5 *N. Y. Crim. Rep.* 1); and upon the ground that the grand jury had been improperly in-fluenced by communications made to them, and that the minutes of the evidence given before them showed that they had received and acted upon incompetent and illegal evidence in finding the indictment (People *v.* Selleck, 4 *N. Y. Crim. Rep.* 329). And in the case of People *v.* Briggs (60 *How.* 17) an indictment was quashed for the reason that defendant's wife was permitted to testify against him before the grand jury, contrary to law.

The fact that the provisions of the Code, if construed according to the well-established canons of statutory con-struction, would in many cases be subversive of justice and deprive defendants of constitutional and statutory rights, and would enable a grand jury by its indictment to work the grossest injustice, has impelled the courts to entertain these motions and to give defendants those rights which

they had always, prior to the adoption of the Code, enjoyed. In all these cases it has been assumed, and rightly so, that sound reasons of public policy demand that the court should have the power of passing upon preliminary questions respecting the legality of indictments, and that, to prevent oppression, wrong, and outrage it is absolutely necessary that over all the preliminaries preceding a trial there should be the same judicial control as of the proceedings upon the trial itself.   This view is to some extent supported by the case of People v. Rugg (98 N. Y. 537, 3 N. Y. Crim. Rep. 172), in which case a motion was made *at the trial* to set aside an indictment upon the ground that it was not found by a legally organized grand jury.   The court discussed the disposition of this motion upon its merits, never for a moment suggesting that under the provisions of the Criminal Code no such motion could be entertained.

A reference to one or two adjudications—which are only representatives of a class—under the Codes governing the practice in civil actions will further illustrate how far the courts have gone in their efforts to remedy the defective legislation contained in these Codes.   It has often been held that the court has inherent power over the procedure in actions pending before it and over the judgments rendered by it, independent of the provisions of the Code, where it is necessary that such power should be exercised in furtherance of justice.

In the case of Christal v. Kelly (88 N. Y. 290) it is expressly held that the power to amend process and pleadings is inherent in the court as part of its ordinary jurisdiction, section 173 of the Code relating to amendments being held to be declaratory only.

The case of Hatch v. Central Nat. Bank (78 N. Y. 490) is a striking illustration of the extent to which this claim of inherent power has been carried.   Section 724 of the Code of Civil Procedure provides that the court may, at any time within one year, relieve a party from a judgment.   A

motion was made, in the case cited by the plaintiff, nearly three years after a judgment had been entered *and paid* to set the same aside and he be allowed to claim an additional sum, which was granted, and the order was affirmed by the court of appeals upon the ground that the court, independent of the Code, had an inherent power over its own judgments, and should exercise it in aid of justice.

Many other cases might be cited of the exercise of power over judgments and proceedings without warrant derived from the Code, but these seem to be sufficient.

I think, therefore, that the consensus of authority shows that the hardships of the case have impelled a departure from the ordinary rules of construction, and that courts will entertain motions of the description now before the court, although not distinctly authorized by the provisions of the Criminal Code.

Therefore, the question presented upon this motion is whether the counts of the indictment against which the motion is directed should be stricken out, upon the ground that they were found not only without evidence to support the same, but contrary to the evidence which was introduced before the grand jury.

It appears that these defendants were indicted because of their official connection with the New York, New Haven & Hartford Railroad Company, and that the New York, New Haven & Hartford Railroad Company was operating the railroad in question as a foreign corporation. There was no evidence whatever that these defendants were in any way connected with the operation of this railroad except as directors of said corporation. As individuals or persons they did not operate and maintain the railroad. It belonged to the New York, New Haven & Hartford Railroad Company, a foreign corporation ; and the sole connection of these defendants with the maintenance and operation of this railroad was as the officers of said corporation. The evidence failed to show any other connection of these defendants with the operation of the railroad in

question, and enti·ely negatived the idea that they, as individuals only, were maintaining and operating the railroad as alleged in the indictment. It is further to be observed that by the very language of the indictment itself but one offence is referred to, because in each count after the first it is spoken of as the same misdemeanor.

This being the condition of the evidence, and it being manifest that the various counts of the indictment were directed against but one offence, and there being no evidence that these defendants as individuals only were operating and maintaining the road, the counts which are the subject of this motion were evidently found not only without evidence, but directly against the evidence, showing that their relation to the railroad in question was that of directors and officers of such corporation.

The grand jury have no power to find an indictment without evidence, and they are only authorized to find an indictment when all the evidence before them, taken together, is such as, in their judgment, would, if unexplained or uncontroverted, warrant a conviction by a trial-jury.

The motion should therefore be granted.

Note.—The present decision is in accord with People v. Clements (5 N. Y. Crim. Rep. 288), and People v. Price (6 Id. 141).

Contra: People v. Equitable Gaslight Co. (6 N. Y. Crim. Rep. 189).

As to the inherent powers of a court, irrespective of statute, see Baldwin v. Mayer (42 Barb. 549); Dietz v. Farrish (43 Sup. 87); and People ex rel. Cole v. Supervisors (39 Hun, 299).