DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1906.

---

### Moses Salomon v. Charles F. Buehler.

#### Gen. No. 12,692.

1. RECOGNIZANCE—*what does not discharge.* A recognizance given to release an attachment to which several defendants are parties, is not discharged by the discontinuance of the action as to one of such defendants.

2. RECOGNIZANCE—*how construed.* A recognizance is not construed with the same strictness as is a bond; the intent of the statute under which the recognizance is made is to be given effect.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed October 23, 1906.

WILLIAM FRIEDMAN, for appellant.

WILLIAM SLACK, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Apparently this is an appeal from an order of the Circuit Court denying a motion to set aside an order of dismissal and judgment in a cause appealed to that court from a justice of the peace.

(176)

Salomon v. Buehler.

In a former suit before a justice an attachment had issued, and when the latter cause was before the Circuit Court on appeal, the defendants in attachment desiring to obtain the return of money held by a bank which had been garnisheed, a recognizance was taken in open court, with appellant as surety. Subsequently appellee recovered judgment in that case against one of the two original defendants. Thereafter it appears appellee brought suit before a justice upon the recognizance which had been taken in the Circuit Court, obtained a judgment, from which appellant here prosecuted an appeal to the Circuit Court, where, when the case was called for trial, the appeal was dismissed for want of prosecution with *procedendo*. Subsequently a motion was made to set aside this dismissal, which was overruled and denied. From the denial of that motion according to the record this appeal seems to have been prosecuted.

Apparently the bill of exceptions was not filed within the time allowed. The abstract is so imperfect that we might very properly refuse to consider the case at all. We prefer, however, to dispose of the only material contention upon which appellant bases his appeal. It is, that the recognizance entered into with appellant as surety, to secure the return of the property attached, is conditioned "that if the defendants shall pay to the plaintiff the amount of whatsoever judgment may be rendered herein against said defendants," then said recognizance to be void; that after it was taken the plaintiff's attorney dismissed as to one of the two defendants and the judgment was entered against the remaining defendant; that by such judgment the surety in the recognizance was discharged from liability, since his liability should be strictly construed and a judgment against a "defendant" is not a judgment rendered against the "defendants" referred to in the recognizance.

The point is not well taken. By accepting a recog-

nizance in such cases, as the statute on attachments provides (Rev. Stat., see Chap. 11, Sec. 15), and awarding to the attachment defendants a return of the property, the original writ of attachment becomes *"functus officio."* The only reliance of the attaching creditor if he recovers judgment against a debtor to whom the attached property has been returned, but who is nevertheless execution proof, is upon the recognizance which the statute substitutes for the attachment. To construe a statutory recognizance with the strictness applied to a bond wherein the obligors have themselves expressly stated the exact extent of their liability, would be contrary to the intent of the statute and make it practically ineffective. The statute provides that the recognizance shall be "in substance" "conditioned that the defendant will pay the plaintiff the amount of the judgment and costs which may be rendered against him in that suit." The intent and meaning obviously are that the obligors in the recognizance shall pay any judgment which may be recovered in the usual course of law by the plaintiff against the defendants or any of them, in the action to which the recognizance relates. By discontinuing as to one, there is no change in the nature of the claim nor in the character and extent of the surety's liability. This is the view taken in Sharpe v. Morgan, 144 Ill. 382, 390, citing Bean v. Parker, 17 Mass. 602; Quillion v. Arnold, 12 Nev. 234; Poole v. Dyer, 123 Mass. 363.

The judgment will be affirmed.

*Affirmed.*