**Isaac Marks and Benjamin Marks, Copartners trading as Henry Marks' Sons, Appellees, v. The Knofsky Company, on Appeal of Massachusetts Bonding and Insurance Company, Appellant.**

### Gen. No. 28,491.

1. APPEAL AND ERROR—*review of issue of law where no propositions submitted below.* The Appellate Court may review an issue of law presented by an appeal though no propositions of law were submitted by the defendant to be held by the court.

2. SURETYSHIP—*release of sureties by departure from contract.* Corporations doing a surety business for profit will not be relieved from obligation except where it is shown that there was a material departure from the contract resulting in some injury to the surety.

3. SURETYSHIP—*construction of contract against surety.* The contract of a corporation doing a surety business for profit will be regarded in the nature of an insurance contract and will be construed most strongly against the surety and in favor of the indemnity which the obligee has reasonable grounds to expect.

4. ATTACHMENT—*construction of release bond controlled by Attachment Act.* A recognizance for the payment of any judgment

Marks et al. v. The Knofsky Co., 233 Ill. App. 293.

by defendant which plaintiffs might recover must be construed in the light of Section 15 of the Attachment Act, Cahill's Ill. Stat. ch. 11, ¶ 15, under the authority of which it was entered into, and the undertaking of the surety must be considered as having been made in contemplation of the provisions of the law which might affect the pending case, including provisions for the amendment of the names of the parties plaintiff.

5. ATTACHMENT—*amendment of names of plaintiffs as release of sureties on release bond.* The contention of a surety on a recognizance given to release attached property and obligating the surety to pay any judgment rendered in the case that inasmuch as its obligation was to pay "said plaintiffs" such judgment and the name of one party plaintiff was changed by amendment thereafter it was relieved from liability, was without merit where, so far as the record shows, the individuals involved were the same after the amendment as before.

6. ATTACHMENT—*burden of proof of release of sureties on release bond.* If a surety company which entered into a recognizance for the release of attached property contended that the parties plaintiffs in the attachment suit were changed by an amendment of the name of one of such plaintiffs the burden was upon it to demonstrate that fact, especially after there had been a conditional forfeiture of the recognizance and a writ of *scire facias* issued against such surety company to show cause why the forfeiture should not be made permanent.

7. ATTACHMENT—*rule of liability of surety on release bond.* The proper rule for determining if a surety upon a recognizance given to release attached property is liable is that if plaintiffs could have proceeded against the attached property in case the recognizance had not been given they may proceed against the surety.

8. ATTACHMENT—*when surety on release bond not released by amendment in name of plaintiff.* Where the name of the party plaintiff in an attachment suit was changed from "Henry Marks and Benjamin Marks, co-partners, doing business as Henry Marks' Sons" to "Isaac Marks and Benjamin Marks, co-partners doing business as Henry Marks' Sons" after defendant surety company had entered into a recognizance to release the attached property, the surety was not thereby released from liability even if the amendment amounted to a change of one of the parties plaintiff, as there was no change in the nature of the claim nor in the character and extent of the sureties' liability.

Appeal by defendant from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed June 11, 1924. Rehearing denied June 24, 1924.

MOSES, ROSENTHAL & KENNEDY, for appellant; ROBERT BACHRACH, of counsel.

BENJAMIN B. MORRIS, for appellees.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this appeal, the Massachusetts Bonding and Insurance Company seeks to reverse a judgment for $833.08, recovered against it in the municipal court of Chicago, by Isaac Marks and Benjamin Marks, doing business as Henry Marks' Sons. The Insurance Company was held liable on a recognizance entered into by it and the original defendant, The Knofsky Company, the latter being the principal in the recognizance.

The original suit was started as ''Henry Marks and Benjamin Marks, co-partners, doing business as Henry Marks' Sons v. The Knofsky Company,'' to recover the price of certain materials the plaintiffs alleged they had sold to the defendant, amounting to $788.61. At the time this suit was started, the plaintiffs instituted attachment proceedings in aid, on the ground that the defendant corporation was located without the State of Illinois, namely, in the State of Ohio. In connection with the attachment proceedings in aid, certain garnishees were served and brought into the case as garnishee defendants.

On December 20, 1920, The Knofsky Company, together with the Massachusetts Bonding and Insurance Company, as surety, entered into a recognizance in open court, whereby they acknowledged themselves to be indebted to the plaintiffs in the sum of $1,000.00. The order of the court entered on that day, recited that the condition of their obligation under said recognizance was, that if the defendant, The Knofsky Company, paid the plaintiffs the amount of whatever judgment might be rendered therein against said defendant upon a trial of the issues involved, together with

all costs and charges, within ninety days after the rendition thereof, then the recognizance was to be void, but otherwise it was to remain in full force and effect. The court, by the order then entered, further provided for the dissolution of the attachment writ in aid, which had been issued and the discharge of the garnishees and the release of any and all property taken by virtue of the attachment writ.

On the same day and apparently at the same time the draft order was signed by the court concerning the recognizance entered into by the defendant, as principal, and the Massachusetts Bonding and Insurance Company, as surety, the terms of which have just been referred to, the court further ordered, "that leave be and hereby is granted plaintiff to amend name of plaintiff to read 'Isaac Marks and Benjamin Marks, co-partners doing business as Henry Marks' Sons.'" Thereafter, all papers filed and all orders entered in the case bore title accordingly.

On trial of the issues in due time, before a jury, the plaintiffs recovered a verdict for $747.25 and costs and judgment for that amount was entered against The Knofsky Company, in favor of Isaac Marks and Benjamin Marks, copartners, doing business as Henry Marks' Sons. No appeal was prosecuted from that judgment.

About six months thereafter, the judgment not having been paid, the court entered an order forfeiting the recognizance of the defendant, The Knofsky Company, and directing that a writ of *scire facias* issue against the surety, Massachusetts Bonding and Insurance Company, to show cause why the forfeiture should not be made absolute and an execution issue against it. The writ of *scire facias* was issued in due course and the surety, Massachusetts Bonding and Insurance Company, filed verified pleas and answers. In substance, these pleas and answers set up that the writ of *scire facias* which had been served upon it, recited that a judgment had been recovered against The

Knofsky Company, the principal in the recognizance, "in favor of Isaac Marks and Benjamin Marks, co-partners, doing business as Henry Marks' Sons"; that the Massachusetts Bonding and Insurance Company had never entered into a recognizance, as surety, in which Isaac Marks and Benjamin Marks, co-partners, doing business as Henry Marks' Sons, appeared as obligees; that the only recognizance entered into by it, in the cause referred to, was one in which the obligees were named as Henry Marks and Benjamin Marks, copartners, doing business as Henry Marks' Sons; that no judgment was obtained in that cause by those parties, being the parties plaintiff therein at the time the recognizance was entered into. It was contended that a writ of *scire facias* could properly issue in said cause, only in favor of Henry Marks and Benjamin Marks jointly, provided they had obtained a judgment against the defendant, which did not appear, wherefore the Massachusetts Bonding and Insurance Company was not obligated to pay the judgment referred to in the writ of *scire facias,* as having been recovered by Isaac Marks and Benjamin Marks, copartners, doing business as Henry Marks' Sons.

A hearing was duly had before the court without a jury, on the issues as thus made up, and an order was entered by the court, making the forfeiture of the recognizance absolute against the Massachusetts Bonding and Insurance Company, as surety therein, and it was further ordered that the plaintiff have and recover from said Company their damages, amounting to $833.08 with costs. From that judgment the Massachusetts Bonding and Insurance Company, the surety in the open court recognizance duly entered into in the principal case, has perfected this appeal.

The plaintiffs contend that this court is not in a position to review the issues of law presented by the appeal, by reason of the fact that no propositions of law were submitted by the defendant surety, to be held by the court. The decisions are to the contrary.

*Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.,* 300 Ill. 162; *Rothwell v. Taylor,* 303 Ill. 230; *Saltzmann v. Lewis Mfg. Co.,* 232 Ill. App. 620; *French et al. v. Brown,* 234 Ill. App.

In support of the appeal, it is contended that a contract of a surety may not be extended by implication beyond the precise terms of the undertaking and that where the parties plaintiff, in a case in which an obligation such as the one involved here is entered into, are changed on their motion, without the consent of the surety, the latter is thereby released from liability. The weight of modern authority makes a distinction between the rights and liabilities of a voluntary surety or one who becomes a surety for mere accommodation, and the rights and liabilities of sureties who become such for hire, it being held that, whereas, a voluntary surety for accommodation will be discharged from obligation whether actually damnified or not, if the creditor, by binding agreement, without the consent of the surety, gives further time for payment to the principal, corporations doing a surety business for profit, are of comparatively recent origin and their contracts have come to be treated as contracts of indemnity or insurance and as to such sureties, it is now generally held that they will not be relieved from obligation except where it is shown there was a material departure from the contract resulting in some injury to the surety. In further announcing the general rule, the Supreme Court has stated that in the case of a surety company acting for compensation, the contract will be construed most strongly against the surety and in favor of the indemnity which the obligee has reasonable grounds to expect—that the courts will regard the contract more in the nature of an insurance contract, and, by analogy, apply the rules governing liability applicable in that class of contracts. *Gunsul v. American Surety Co.,* 308 Ill. 312.

Furthermore, this recognizance, into which the

Massachusetts Bonding and Insurance Company entered as a surety, for the payment of any judgment by the defendant, which the plaintiffs might recover, must be construed in the light of the provisions of the statute, under the authority of which, it was entered into. The recognizance was authorized by the provisions of Section 15 of the Attachment Act, Cahill's Illinois Statutes, ch. 11, ¶ 15. The purpose of that statute is to enable the defendant to obtain control of the property attached, or in the hands of garnishees, upon giving security for the payment of the judgment to be rendered in the cause in which the recognizance is given. Upon giving the recognizance, the case, under the provisions of the statute, proceeds *in personam* as if the defendant had been personally served with summons, and the judgment rendered against the defendant is a personal judgment, the recognizance standing as security for its payment. To effect the purpose of releasing the property attached and discharging the garnishees from liability for the property of The Knofsky Company in their hands, the Massachusetts Bonding and Insurance Company joined with The Knofsky Company, and took upon itself the obligation prescribed by the statute, to pay whatever judgment might be rendered in favor of the plaintiffs in that action. It must be held, as it was in *Sharpe v. W. J. Morgan & Co.*, 144 Ill. 382, that the undertaking of the appellant company was made in contemplation of the provisions of the law which might affect the pending case. Among such provisions are those providing for the amendment, among other things, of the names of the parties plaintiff. It was of course never intended that the plaintiffs would be deprived of the security afforded by the service of their attachment, if the court allowed an amendment in the name or names in which they had brought suit, after the recognizance had been entered into, and prior to the entry of judgment. As was said in the case last cited, "such a construction is not

consistent with the language employed, or the spirit and purpose of the act." We recognize that the situation presented here is not that which was presented in the case cited, but the principles applicable are, in our opinion, the same.

But the appellant Company contends that the recognizance into which it entered was one wherein it undertook to pay "said plaintiffs" the amount of whatever judgment "may be rendered herein," against The Knofsky Company; that "said plaintiffs" referred to Henry Marks and Benjamin Marks, copartners, doing business as Henry Marks' Sons, and not to Isaac Marks and Benjamin Marks, copartners, doing business as Henry Marks' Sons. In our opinion, that contention is without merit for several reasons. The record fails to show that there was any change in the parties plaintiff, as contended. Leave was not granted to suspend or discontinue as to one party and substitute another, nor even to amend by inserting some name in lieu of another, but the record recites that leave was given to "amend name of plaintiff to read Isaac Marks and Benjamin Marks, copartners doing business as Henry Marks' Sons." So far as the record shows, the individuals involved in this case, as plaintiffs, were the same after the amendment, as they were before. If the appellant company contended the contrary, we are of the opinion that under the rule laid down in *Gunsul v. American Surety Co. of New York*, 308 Ill. 312, the burden was upon it to demonstrate it, especially after there had been a conditional forfeiture of the recognizance and a writ of *scire facias* issued against the appellant company to show cause why the forfeiture should not be permanent. We do not wish to be understood as intimating that even if the amendment in question had involved the substitution of a new party plaintiff as one of the partners in Henry Marks' Sons, the copartnership, for one originally named, there should be any change in the result of this proceeding against

the appellant company, on the recognizance, unless the latter could show that it had resulted in a material departure from the contract resulting in some injury to it. In our opinion, the proper rule is given in the words of the court in *Christal et al. v. Kelley et al.*, 88 N. Y. 285, where it is said, ''If the plaintiffs could have proceeded against the property (attached), in case the undertaking (recognizance) had not been given, it seems to follow that they can proceed against the sureties, who have substituted their obligation in place of it.''

As was said by this court in *Salomon v. Buehler*, 129 Ill. App. 176, a recognizance is not construed with the same strictness as a bond, for to do so ''would be contrary to the intent of the statute and make it practically ineffective. The statute provides that the recognizance shall be 'in substance    *    *    *    conditioned that the defendant will pay the plaintiff the amount of the judgment and costs which may be rendered against him in that suit.' The intent and meaning obviously are that the obligors in the recognizance shall pay any judgment which may be recovered in the usual course of law by the plaintiff against the defendants or any of them, in the action to which the recognizance relates.'' In that case, the plaintiff's attorney dismissed the suit as to one of the original defendants after the recognizance had been taken and the surety contended that he was thereby discharged from liability on the recognizance ''since his liability should be strictly construed and a judgment against a 'defendant' is not a judgment rendered against the 'defendants' referred to in the recognizance.'' This court held the contrary; saying, ''By discontinuing as to one, there is no change in the nature of the claim nor in the character and extent of the surety's liability.'' So, in the case at bar, even though the amendment here involved, amounted to a change in one of the parties plaintiff, as the appellant company contends, by such amendment ''there is no change in the

nature of the claim nor in the character and extent of the surety's liability.''

For the reasons stated the judgment of the municipal court is affirmed.

*Judgment affirmed.*

TAYLOR, P. J. and O'CONNOR, J. concur.