(No. 14050.—Reversed and remanded.)

The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, Appellee, *vs.* The Chicago City Railway Company, Appellant.

*Opinion filed October 22, 1921—Rehearing denied Dec. 19, 1921.*

Appeals and errors—*Appellate Court cannot decline to review merits because no propositions of law were submitted.* The Appellate Court cannot decline to consider the merits of a suit at law tried without a jury merely because no propositions of law were submitted to the trial court, as the decision of the trial court as to the sufficiency of the evidence is not final and binding on the Appellate Court in such case even though no question of law was raised in any manner. (*Babbitt* v. *Grand Trunk Western Railway Co.* 285 Ill. 267, and *Bradish* v. *Yocum,* 130 id. 386, explained.)

Appeal from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Samuel C. Stough, Judge, presiding.

Harry P. Weber, George W. Miller, Arthur J. Donovan, and Arthur A. Anderson, for appellant.

Loesch, Scofield, Loesch & Richards, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This was an action of trespass on the case on promises, which was brought in the circuit court of Cook county by the appellee, the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, (hereafter referred to as the railway company,) against the defendant, the Chicago City Railway Company, (hereafter called the traction company,) to recover from the traction company certain expenses paid by the railway company in elevating its tracks and excavating a subway at Fifty-ninth street, in Chicago. The cause was tried by the judge, a jury being waived,

and judgment was entered in favor of appellee and against appellant in the sum of $1130.20. An appeal was taken to the Appellate Court for the First District, and the judgment was affirmed. The Appellate Court granted a certificate of importance, and the case has been brought here by appeal for further review.

The railway company, before the elevation of its tracks, operated its railroad across Fifty-ninth street at grade, and the traction company operated a street railway on said street to within twenty feet of the main line of the railway. This action involves the relative obligations of the two corporations growing out of the elevation of the railway tracks across Fifty-ninth street under the provisions of an elevation ordinance passed by the city of Chicago with reference to the railway company and the construction of a subway at Fifty-ninth street under the elevated tracks and the re-location of the traction company's surface railway, the elevation ordinance to be construed in connection with the traction ordinance, as the ordinances affect the rights of the traction company. The traction company, on the hearing in the trial court, by way of set-off sought remuneration for its expense in re-constructing its railways in consequence of the elevation of the railway tracks, together with additional equipment necessitated by the re-construction of its traction system in the Fifty-ninth street subway. The Appellate Court entered an order affirming the judgment of the trial court, declining to review that judgment on its merits on the ground that no propositions of law had been submitted to the trial court by either side. It based its conclusion on the reasoning of this court in *Babbitt* v. *Grand Trunk Western Railway Co.* 285 Ill. 267, where it was said (p. 270) : "Where there is no controversy as to the facts and the only question is what judgment shall be entered on the facts in the record, such question is one of law and may be raised and preserved for review here in one of three ways: by

demurrer to the evidence, by propositions to be held as law, or by a motion to find for the party." In discussing a somewhat similar question where the cause was brought directly from the trial court to this court, it was said in *Bradish* v. *Yocum,* 130 Ill. 386, on page 391: "There is no doubt it would have been entirely competent for appellants to have submitted written propositions to the court and to have excepted and assigned error upon its refusal to hold such propositions to be the law applicable to the case. It is to be noted, however, that all the cases cited by appellee are either appeals from or writs of error to the Appellate Courts. In cases that come to this court through the Appellate Courts the judgments of the Appellate Courts are, under the statute, final and conclusive as to all matters of fact in controversy; and where the trial is upon issues of fact, then, unless the record shows that some question of law is raised by exceptions, by instructions, by propositions submitted to the court, or otherwise, it is manifest there is no question involved which this court is permitted to review. But our attention is called to no case of a direct appeal from the trial court to this court where such rule has been held to apply. In this action of ejectment involving a freehold, brought here directly from the circuit court, this court is authorized to pass both upon the facts and the law, and it is immaterial whether the complaint is that the court below, in making its finding, came to a wrong conclusion upon the facts or the law, or both. The inquiry is, did the facts as they appear in the record, and the law, authorize the finding and judgment below?"

The Appellate Court in its opinion in this case refers to the ruling in *Bradish* v. *Yocum, supra,* and argues that the reasoning of this court in *Babbitt* v. *Grand Trunk Western Railway Co. supra,* approved in *Kee & Chappell Dairy Co.* v. *Pennsylvania Co.* 291 Ill. 248, and *Anderson* v. *Keystone Supply Co.* 293 id. 468, in effect overrules the reason-

ing in *Bradish* v. *Yocum, supra.* With this we cannot agree. The *Babbitt case,* the *Kee & Chappell Co. case* and the *Anderson case, supra,* were all brought to this court through the Appellate Court, and the reason why there might properly be a different practice as between cases brought here through the Appellate Court and cases brought here directly from the trial court is plainly shown by the opinion in *Bradish* v. *Yocum, supra,* where the court said, as quoted above, that where cases come through the Appellate Court, the judgment of that court, under the statute, is final and conclusive as to all matters of fact in controversy, but that the finding of the trial court is not final and binding on this court as to any decision on the facts when the case comes direct from the trial court to this court.

It is true, as stated by the Appellate Court in its opinion in this case, that there is a diversity of holding in the Appellate Court decisions with reference to the question whether or not that court shall pass on questions of fact when no propositions of law have been raised or preserved for review either by demurrer to the evidence, or by propositions to be held as law, or by a motion to find for the party. Previous to the recent amendment of the Practice act as to requiring exceptions to the judgment in order to have the judgment reviewed, this court held in a long line of decisions that in the absence of an exception to the judgment, preserved by bill of exceptions, in a case tried by the court, the sufficiency of the evidence to support the judgment could not be inquired into on appeal. *(Miller* v. *Anderson,* 269 Ill. 608.) Since the passage of that amendment, under the holding of this court in the decision just referred to, the sufficiency of the evidence to support the judgment can be inquired into without an exception being noted and preserved by a bill of exceptions. In the majority of cases decided by the Appellate Court involving this question it has been held that in cases on the law side of the court appealable in the first instance

to the Appellate Court, the inquiry in that court on appeal or writ of error is, did the facts as they appear in the record, and the law, authorize the finding and judgment of the court below?—and in such cases the Appellate Court would be authorized to pass both upon the facts and the law though no propositions of law were held or refused by the trial court. This is in line with the holding of this court in *Bradish* v. *Yocum, supra,* where the case was appealed directly from the trial court to this court. What was said in *Babbitt* v. *Grand Trunk Western Railway Co. supra,* relied on by the Appellate Court in its opinion, and the other cases in which the same doctrine is laid down by this court, applies only to questions of fact when the case has been brought from the trial court to this court by way of the Appellate Court, and the rule has no application to cases brought direct from the trial court to this court, or to the authority and duty of the Appellate Court when the case is brought from the trial court to that court.

We do not find anything that is said in the cases cited in the opinion by the Appellate Court, or in the briefs of counsel for appellee, that in any way conflicts with this conclusion. For illustration, the case of *Sullivan* v. *Atchison, Topeka and Santa Fe Railway Co.* 262 Ill. 317, is relied on as supporting the conclusion of the Appellate Court. In that case it is distinctly stated that there was no exception preserved in the record to the judgment, and therefore, under the reasoning of that case construing the statute as it then stood before amendment, the correctness of the judgment on the evidence was not reviewable by this court on direct appeal. *Miller* v. *Anderson, supra.*

The Appellate Court's view that it could not consider the question whether the evidence was sufficient to support the judgment not being in accord with the conclusions reached herein, the judgment of the Appellate Court is reversed and the cause remanded to that court for consideration of the various errors assigned on this record

and for further proceedings not in conflict with the views herein expressed. The clerk of this court is ordered to transmit the record to the Appellate Court for the First District in accordance with these directions.

*Reversed and remanded.*