## Etta Latham, Appellant, v. Eli A. Nierman, Appellee.

## Gen. No. 28,734.

1. PLEDGES—*provisions of Pawnbroker's Act as to entries on pawn tickets as mandatory.* The provisions of the Pawnbroker's Act, Cahill's Ill. St. ch. 74, ¶ 17, that a receipt or pawn ticket which a pawnbroker issues shall contain a statement of the value of the thing loaned upon, the rate of interest. to be paid, and the name and residence of the person making the pawn or pledge, are mandatory and when pawn tickets issued by defendant failed to contain such information the contract was void and no property in the articles pledged passed to defendant though they were not redeemed within the time provided for in the tickets and plaintiff was entitled to recover in trover for their conversion.

2. SAVING QUESTIONS FOR REVIEW—*want of propositions of law as precluding review of question of law.* A contention that as a jury was waived in plaintiff's action of trover and plaintiff did not submit any' propositions of law to the trial judge no question of law is preserved that may be considered on appeal, is untenable.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. FRANK E. REED, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and remanded. Opinion filed June 25, 1924.

TEMPLE & CLAYTON, for appellant.

FREUNDLICH & FROEHLICH, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On January 4, 1921, the plaintiff borrowed from the defendant, a pawnbroker, $100 on a diamond stud, and on January 11, 1921, $100 on a diamond earring. The defendant, as a pawnbroker, delivered to the plaintiff two pawn tickets, which were as follows:

"Watch and Jewelry Repairing
MP $100.00              0049   Jan. 4,-21     85111
and interest                    Trans.  Date  Pawn Number
E L I                           Eli A. Nierman
                                3020 South State Street
                                       Chicago.
Calumet 5240                                        H
Property D. Stud                                    T
     No pledges redeemed before 48 Hrs.
        All Pledges kept 13 mos."
"Watch and Jewelry Repairing
MP $100.00              0013   Jan. 11–21     85421
and interest                    Trans.  Date  Pawn Number
E L I                           Eli A. Nierman
                                3020 South State Street
                                       Chicago.
Calumet 5240                                        H
Property   Single Diamond Ear Screw                 T
        All Pledges kept 13 mos."

The plaintiff having attempted to redeem the pledges in February or March, 1922, according to his testimony, or in June or July, 1922, according to the defendant's testimony, and having been informed by the defendant that the property in question either could not be found or was sold, brought suit in trover for conversion.

The evidence showed the property was sold or disposed of sometime in June or on September 4, 1922, without any demand for payment of the sum due, and without notice of the time and place of sale. The evidence showed the value of the property to have been about $600.00. There was a trial before the court, without a jury, and a judgment for the defendant. This appeal is therefrom.

It is the claim of the plaintiff that none of the material provisions of the statute in issuing the pawn tickets was complied with by the defendant; that there was no accurate account and description of the property pledged; that the value of the goods pledged was not stated; that the time of pledging, or the date

of maturity of the loan, was not stated; that the rate
of interest charged was not stated; that the name
and residence of the pledgor were not stated. Further,
it is contended that, as a consequence, the defendant
had no right to dispose of the pledges without first
having made a demand upon the plaintiff to pay the
debt and redeem the property, and had no right to
dispose of the property without giving the plaintiff
notice of the time and place of sale. No claim was
made at the trial, on the part of the defendant, that
he had made any demand upon the plaintiff, or that
he had given the plaintiff notice of the time and place
of sale. The defendant's claim is that in selling the
pledges he "complied with the law in such cases made
and provided."

The Pawnbrokers Act, par. 17, ch. 74, Cahill's Ill.
Rev. Stat. 1923, provided as follows:

"Every pawnbroker shall, at the time of making any
advancement or loan, deliver to the person pawning
or pledging any property a memorandum or note
signed by him containing an accurate account and de-
scription, in the English language, of all the goods,
articles or other things pawned or pledged, the
amount of money, value of thing loaned thereon, the
time of pledging the same, the rate of interest to be
paid on such loan and the name and residence of the
person making such pawn or pledge."

The pawn tickets in question did not recite the
value of the diamonds upon which the money was
loaned nor the rate of interest to be paid nor the
name and residence of the pledgor. They did, how-
ever, sufficiently describe the property and give the
date of the pledging and the amount of money loaned.
Each pawn ticket, also, contained the words, "All
pledges kept 13 mos." which, taken together with the
date of each pawn ticket, practically informed the re-
cipient of the maturity of the loan or time within
which the pledge might be redeemed.

It was held in *Fergusson v. Norman*, 5 Bing. N. C.
51, that contracts entered into between the pledgor

and pawnbroker, in which certain requisites of the Pawnbrokers' Act were not observed, were void. The requisites which were not complied with by the pawnbroker in that case consisted of the failure on the part of the pawnbrower to enter on his books, pursuant to the statute, the name of the person pawning them, the name of the street and number of the house in which said person lived, and whether lodger or house-keeper of the same, using the letters L. and H. for that purpose, the name and abode of the owner of the goods, according to the information of the person pawning, and the failure to give the pledgor at the time of taking the pledge a pawn ticket containing entries provided for by the act. The evidence showed that in nine cases, there being altogether 142 pawns in which the question was involved, the pawnbroker had entirely omitted from his books the letters L. and H., and in 67 those letters were omitted from the pawn tickets.

In that case, Bosanquet, J. said:

"The sixth section of the act shows the express intention of the legislature, that, wherever any property is taken in pawn by a pawnbroker for the loan of money, a certain course shall be pursued; and unless that course be pursued, the contract is prohibited by law. Being prohibited by law, it is void, whether there be or be not any particular penalty annexed to it. If the transaction itself becomes illegal, this consequence necessarily follows * * * that no property can pass to the pawnbroker in the thing pledged. If no property can pass in the pledge, then the property remains in the pawner, and he will be entitled to recover."

Levine, in the Law of Pawnbroking, section 56, refers to the harshness of the above provision, but does not question its authority.

Inasmuch as section 4 [Cahill's Ill. St. ch. 74, ¶ 17] *supra,* is mandatory to the effect that the receipt or pawn ticket which the pawnbroker issues shall contain a statement of the value of the thing loaned upon,

the rate of interest to be paid, and the name and residence of the person making the pawn or pledge, and as neither of the pawn tickets in question contained those requirements, we are of the opinion that the contract, which the defendant undertook to make, was void, and that no property in the articles pledged passed to the defendant; and, therefore, as no property passed to the defendant, the title remained in the plaintiff, and he was entitled to recover herein.

It is urged that as a jury was waived and the plaintiff did not submit any proposition of law to the trial judge, no question of law that may be considered here, is preserved. That contention is untenable. *Rothwell v. Taylor,* 303 Ill. 226; *Pittsburgh, C., C. & St. L. Ry. v. Chicago City R. Co.,* 300 Ill. 162. The judgment, therefore, will be reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, J. and THOMSON, J. concur.