**The People of the State of Illinois, Defendant in Error, v. Floyd Oberby, Plaintiff in Error.**

### Gen. No. 30,319.

1. CRIMINAL PROCEDURE—*necessity of approving propositions of law submitted where trial to court without jury.* The failure of the trial court, in a prosecution for crime wherein trial is had before the court without a jury, to mark as "held" propositions of law submitted by the defendant is not error.

2. CRIMINAL PROCEDURE—*immateriality on review of propositions of law submitted at trial.* Propositions of law submitted at the trial of a prosecution for crime serve no purpose on review thereof in the Appellate Court.

3. HIGHWAYS—*sufficiency of evidence to show possession of motor vehicle on which original motor number changed in violation of Cahill's St. ch. 95a, ¶ 36.* A conviction of violating Cahill's St. ch. 95a, ¶ 36, by having possession of a motor vehicle on which the original motor number had been altered, was warranted by proof that the defendant, after having purchased such motor vehicle at second hand, wrecked the motor thereof and replaced it with a secondhand block from another car; that such block had been rendered a blank, before defendant bought it, by filing therefrom the original number thereof; and that on installing it in the car defendant had stamped upon the block the number originally borne by the motor he wrecked.

THOMSON, J., dissenting.

Error by defendant to the Municipal Court of Chicago; the Hon. HOWARD W. HAYES, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Affirmed. Opinion filed March 10, 1926.

ROY C. WOODS, for plaintiff in error; ROY S. GASKILL, of counsel.

ROBERT E. CROWE, State's Attorney, EDWARD E. WILSON and CLARENCE E. NELSON, Assistant State's Attorneys, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On April 18, 1925, by leave of court, an information was filed in the municipal court of Chicago, charging that the defendant "did then and there knowing and unlawfully have in his possession a certain motor vehicle on which the original motor number had been altered from 7286043 to 9515119, to wit, a Ford Tudor sedan car, in violation of section 35 of the Motor Vehicle Law [Cahill's St. ch. 95a, ¶ 36], contrary to the statute." The defendant was arraigned and entered a plea of not guilty. By agreement a jury was waived and after hearing the evidence, the court found the defendant guilty as charged in the information, and a fine of $200 and costs was imposed, to reverse which the defendant sued out this writ of error.

It appears from the evidence that the defendant was engaged in the selling of secondhand automobiles, principally Ford cars, his place of business being located at No. 5904 South Ashland Avenue, Chicago. A police officer testified that he went to defendant's place of business on April 18, 1925, because he had been informed by a man who lived at Manteno, Illinois, that the defendant had a stolen automobile in his possession; that afterwards the party making the complaint advised the officer that he had made a mistake, that he had given the officer the wrong number of the automobile and that the car had not been stolen. The officer further testified that he examined the Ford car in question, at defendant's place of business. "We found it was a changed number car" and that "I arrested the man (defendant) for changed numbers"; that he together with other officers took the automobile to the Municipal Pier and by a heating process tested the numbers on the engine of the automobile; that the engine number, which was visible on the car, was 9515119; that the test brought out the fact that underneath this number was the number 7286043. The officer further testified that the car in question had not been stolen; that when he was at defendant's place of business, defendant produced a bill of sale for the car which showed that defendant had bought it. He further testified that the defendant also showed his bills, showing that the defendant had bought a secondhand block to put in the automobile. Another officer testified that the original motor number on the block was 7286043 and that that number was raised to 9515119, the latter number being stamped over the former.

The defendant testified that he purchased the car in question from E. O. Shepard, Manteno, Illinois; that it was a secondhand car, in first class condition when he got it, but later the motor was wrecked; that when he bought the car, he obtained a bill of sale from Shepard; that after the motor was wrecked, he went

to the Sherman Motor Company in Chicago and bought a secondhand block, which he installed in the car. It further appeared, from a statement made by the defendant's counsel on the trial, that the defendant was a larger dealer in secondhand Fords, handling about 1,500 cars per year, but that some of them were other makes of automobiles. The defendant further testified that when he bought the secondhand block from the Sherman Motor Company, it was blank, no number on it at all; that after he installed this block in the car in question, he caused the number 9515119 to be stamped on the block, and this was the same number that was on the block which he took out of the car and which block he destroyed when he removed it as the law required. The foregoing is the substance of all the evidence offered on the hearing.

1. The defendant contends that the court erred in refusing to mark "held" certain propositions of law submitted by him. The Supreme Court in *People v. Johnson*, 288 Ill. 442, held that the submission of a proposition of law to the court is inapplicable to a criminal case where the trial is before the court without a jury. Moreover, propositions of law serve no purpose in this court. *Pittsburgh, C., C. & St. L. Ry. v. Chicago City Ry. Co.*, 300 Ill. 162.

2. The defendant further contends that the evidence shows he in no way violated the provisions of section 35 of the Motor Vehicle Law [Cahill's St. ch. 95a, ¶ 36], for the reason that he only transferred the No. 9515119, which appeared on the block in the car in question, to the secondhand block which he later installed in the car, and that section 35 does not make it illegal to so transfer such number. His further position is that there was no violation of the Motor Vehicle Law, because that law was enacted to prevent concealing or hiding the identity of a motor vehicle, and that since the evidence discloses that he placed the identical number on the secondhand block which he installed in

the car as was on the one which he removed from it, the identity of the car was maintained.

In discussing the reason for the enactment of the Motor Vehicle Law and section 35 thereof, the Supreme Court in the case of the *People v. Billardello*, 319 Ill. 124, said that section 35 of the act (p. 125) "was enacted in the exercise of the police power in the interest of the general welfare, not only for the protection of that part of the public who may be the owners of automobiles against theft, but for the protection of the public in general against the commission of crimes and the escape of criminals by the use of stolen automobiles whose identification is made difficult by the destruction of identifying marks. Not only is the stealing of automobiles an extensive criminal avocation, but stolen automobiles are used extensively in the commission of other crimes in bringing the criminals to the scene of their criminal action from a great distance and in enabling them to depart swiftly to a great distance, leaving slight clues to their identity. These evils, and others connected with the use of automobiles and other motor vehicles, have rendered the adoption of stringent legislative regulation of dealing in motor vehicles, and of the transfer and use of them, necessary for the protection of the public." And the court there further said that the legislature had seen fit to require the registration and identification of automobiles by giving the factory and engine numbers and the giving of bills of sale in case of the sale of the automobile and many other requirements. The facts in that case were not similar to those in the case at bar, because there the original number appearing on the engine had been changed, but we quote the language as showing the purpose of the Motor Vehicle Law.

The question for determination is, does the evidence show that the defendant violated section 35 [Cahill's St. ch. 95a, ¶ 36] of the act, which provides: "Any

person or persons, firm or corporation, who,   *   *   * shall sell or offer for sale in this State, or who shall own or have the custody or possession of a motor vehicle, the original engine number of which has been destroyed, removed, altered, covered, or defaced *   *   * shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than two hundred dollars ($200.00) nor more than five hundred dollars ($500.00), or by imprisonment in the county jail for a term of not less than thirty days nor more than one hundred eighty days, or by both such fine and imprisonment, and upon a second conviction under this section the punishment shall be imprisonment in the penitentiary for a term of not less than one year nor more than five years.'' Then follows a proviso, which is not involved here, following which it is provided that ''It shall be the duty of every sheriff, deputy sheriff, constable, chief of police or other peace officer in this State having knowledge of a motor vehicle, the engine number of which has been destroyed, removed, covered, altered or defaced, to immediately seize and take possession of such motor vehicle, arrest the supposed owner and custodian thereof, and cause prosecution to be brought in a court of competent jurisdiction.

''It shall be the duty of the court to retain the custody of said motor vehicle pending the prosecution of the person arrested, and in case such person shall be found guilty said motor vehicle shall remain in the custody of the court until the fine and costs of prosecution shall be paid. In which event the court shall deliver said motor vehicle to such supposed owner or custodian for the sole purpose of removing said engine from said motor vehicle and tearing apart said engine and disposing of same for junk. In case each fine and costs shall not be paid within thirty days from the date of rendition of judgment said court shall proceed to advertise and sell said motor vehicle in the manner

provided by law for the sale of personal property under execution," giving a detail description of the automobile and providing that a copy of the advertisement shall be mailed to the Secretary of State; that the proceeds of the sale, if any sum remains, shall be paid by the court to the supposed owner or custodian of the motor vehicle. And continuing the section provides that in case the motor vehicle is sold by order of court, "the purchaser of said motor vehicle shall remove said engine from said motor vehicle and shall tear the same apart and shall not dispose of it as a whole so that it might be thereafter used as an engine in any motor vehicle." A further provision is that if at any time thereafter the true owner appears and proves to the satisfaction of the court that he is such owner, the vehicle is to be returned to him and he shall be entitled, upon application to the secretary of state, to have the original number of the engine restored.

Keeping in mind the purpose of the act as stated by the Supreme Court in the *Billardello* case, we think it apparent that the purpose of the act was that the engine of each motor vehicle should be stamped with a number so that all vehicles might be identified, not only the motor vehicle involved in a prosecution such as in the instant case, but all other automobiles. That part of section 35 above quoted shows that the legislature had in mind that the part of the engine of an automobile on which the number was stamped or placed could not be used in but one automobile, and in the instant case when the secondhand block, upon which there was a designated number and which had been used in some other automobile, was removed from that automobile, it could not thereafter, under the law, be placed in another automobile and given another and different number, and this is what the uncontradicted evidence shows was done in the instant case. If defendant were permitted to do this,

then the identity of the automobile from which the secondhand block had been removed would be to a great extent destroyed, and the purpose sought to be accomplished by that law, in part, nullified.   Section 35, above quoted, specifically provides that where a person is arrested, who has an automobile in his possession the original engine number of which has been altered or changed, that the arresting officer shall take the automobile, and if the defendant is thereafter found guilty and pays his fine, the motor vehicle will be returned to him, but he must then destroy that part of the engine upon which the number is placed.   If the automobile is sold by order of court, the purchaser shall remove that part of the said engine from said motor vehicle and shall tear the same apart and shall not dispose of it as a whole, so that it might thereafter be used in an engine in any motor vehicle.   In the instant case when the original number on the secondhand block was "covered" by the super-imposing of another number on it, it was "covered" within the meaning of section 35, and therefore the law was violated.   The defendant's testimony that the secondhand block was a blank when he bought it is contrary to the fact because the officer when he called at defendant's place of business saw that the number of the block had been changed and he thereupon placed the defendant under arrest, as the statute provided; and afterwards, when the heat test was applied, the old number appeared, proving conclusively that it was a block on which the original number had been changed.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR, J., concurs.

MR. PRESIDING JUSTICE THOMSON dissenting:  I do not agree with the interpretation of the statute in-

volved in this case, as set forth in the foregoing opinion. The facts presented are not in controversy. Although the officer who arrested the defendant supposed the Ford car which was in his possession was a stolen car, the officer himself stated that upon further investigation he found that it had not been stolen, but that the defendant had purchased it from its rightful owner, as indicated by the bill of sale he exhibited. It is further admitted that after the defendant had purchased this secondhand car, it became damaged in some manner and the engine was taken out, and the engine block upon which the engine number was stamped was damaged so that it could no longer be used, and the defendant took the engine out of the block and scrapped the block. He then bought a secondhand block from the Sherman Motor Company, which they had taken out of some other car. The number on this secondhand block had originally been No. 7286043 and when the Sherman Motor Company dismantled that engine, the block being a good block and the Sherman Motor Company desiring to sell it for what it might be worth, they made a blank block out of it by filing out that number. It is further admitted that the "original engine number" of the car purchased by the defendant, as stamped on the engine block in that car, was No. 9515119, and when the engine block in that car became damaged and it was necessary to replace it with another block and the defendant did so replace it with the secondhand block purchased from the Sherman Motor Company, on which there was no number when it was so purchased, the defendant stamped on it the "original engine number" of his car—No. 9515119—so that when the defendant was arrested and charged with a violation of section 35 of the Motor Vehicle Act [Cahill's St. ch. 95a, ¶ 36] because of his possession of this car, it bore the same engine number which it had always borne. There was, therefore, nothing whatever about the car to con-

fuse its identity, either intentionally or unintentionally.

While the foregoing facts might have been put into this record in better form, they are there, and, as above stated, the record shows that there is no controversy between the parties on these facts, for it is admitted by counsel for the State that they correctly represent the situation. I, therefore, of ·course, do not differ from my associates in the decision of this case so far as the facts are concerned.

Such being the facts of the case, I am firmly of the opinion that a violation of the Motor Vehicle Act has not been shown. This is a penal statute and therefore should be construed strictly, especially in view of the fact that it goes so far as to provide a penalty for the doing of certain specified things, irrespective of intention. In my opinion, a reasonable construction of section 35 of the act, especially when it is considered in compliance with the rule just mentioned, shows that it does not cover the facts presented here.

This section provides clearly that anyone who sells or offers for sale or who shall own or have the custody or possession of "a motor vehicle, *the original number of which* has been destroyed, removed, altered, covered or defaced," shall be fined or imprisoned, as therein provided. It seems to me to be too clear to admit of any reasonable doubt that the "original engine number" of the motor vehicle, possession of which by the defendant is the basis of the prosecution in this case, had *not* been "destroyed, removed, altered, covered, or defaced," but, on the other hand, it had been preserved and retained, at some pains, for the secondhand block which the defendant had purchased to replace the damaged block bore no number when it was so purchased, and when the defendant installed it in his car he stamped upon the block "the original engine number" of his motor vehicle.

It is admitted that if the defendant had purchased

a so-called blank block, which had never been used before and installed that in his car, and stamped the "original engine number" of his car upon it, it would have been all right. It is impossible for me to appreciate any difference between that situation and the one involved by the facts presented here. In either case, the defendant was in possession of a motor vehicle "the original engine number of which" was plainly stamped in the usual and customary place on the engine block of that vehicle. I disagree entirely with the conclusion of the majority as expressed in the last paragraph of the foregoing opinion. The evidence shows *without contradiction* that the block which the defendant purchased from the Sherman Motor Company was just as much a blank block as if it had never been used. The defendant testified that the block he purchased from the Sherman Motor Company "was blank. Had no number on it, no number at all." There is no evidence to the contrary in the record. One of the police officers testified that he looked at the car in question and "noticed the numbers had been changed." He doubtless saw that the flat spot on which the engine number was stamped bore recent file marks, showing that the number which had been on that block (not the original engine number of this motor vehicle) had been filed out, because he testified further "after we put the test on it," another number showed up as having been originally stamped on that block. And *it is admitted* that this secondhand block originally bore another number. That, however, has nothing to do with the question, which is, whether the defendant had in his possession this motor vehicle, "the original number of which" had been destroyed or changed so as to hide the identity of the motor vehicle. Clearly, in my opinion, he had not.

The defendant in this case has been convicted of a violation of this statute and penalized as provided

by that statute, not because he had in his possession "a motor vehicle the original number of which has been destroyed, removed, altered, covered or defaced," but, as the foregoing majority opinion distinctly says, because he had installed in his motor vehicle a block which had been taken out of another automobile and which had originally been stamped with the original engine number of that automobile. The majority opinion states that if the defendant may do this, "then the identity of the automobile from which the second-hand block had been removed," would be destroyed and thus the purpose sought to be accomplished by the law would be nullified. In my opinion, that is entirely beside the point. This defendant may not be penalized under this statute except with regard to a motor vehicle found *in his possession* or custody, or offered for sale by him. And this statute may not be applied, so far as the other automobile is concerned, to anybody except one who may offer to sell it or be in possession of it, provided the original engine number of that automobile "has been destroyed, removed, altered, covered or defaced." This record is entirely silent as to the other automobile, and properly so, for it has nothing to do with the charge against this defendant.

It seems to me that the foregoing opinion has the effect of re-writing the statute, so as to make it say what the majority believed it might better have provided, to meet what is deemed to have been the intention of the legislature in enacting it. The majority, in my opinion, decided the issues here presented as though the statute provided that whoever sells or offers for sale or owns or has the custody or possession of a motor vehicle with an engine block in it on which a prior number has been filed off and a new number stamped upon it, shall be penalized, *even though* the new number so stamped upon the block may be the "original engine number" of the motor

vehicle. In my opinion, that is not what this statute provides, even under a liberal construction of it, let alone the strict construction, which, under the law, we should give it.

The purpose of the legislature in passing this statute is clearly set forth in the majority opinion, as our Supreme Court has stated it in the *Billardello* case, *supra*. It is impossible for me to appreciate how the admitted facts of this case may reasonably be so construed as to come within that purpose.

For these reasons, I am of the opinion the judgment of the municipal court should be reversed.