## Samuel Bright et al., Appellants, v. Edward J. Riedy and Thomas A. Harrison, Appellees.

## Gen. No. 31,443.

1. APPEAL AND ERROR—*necessity for propositions of law.* It is the Appellate Court's duty to consider both the law and the facts in a case tried without a jury even though no propositions of law were presented to the trial court.

2. LANDLORD AND TENANT—*when purchaser of property not bound by provisions of lease.* Under a lease providing that the lessee should have the exclusive privilege, for one year, to sell the property for the owner, the person to whom a sale of a part interest is effected is not liable to the lessee for commissions on the sale on the theory that the lessee being in possession such person was chargeable with notice of his rights and bound by the terms of the lease, since the purchaser could have no interest in the lease until after the sale was effected and the provisions of the lease could not be made to operate retrospectively.

3. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*separate demand against joint demand.* A separate claim against one plaintiff cannot be set off against a joint demand in favor of all plaintiffs.

4. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*right to recoup on separate claim in joint action.* Where a lease gave the lessee the exclusive privilege, for one year, of selling the property for the owner and contained a provision for liquidated damages if the lease should be forfeited by reason of the failure of either of the parties to perform any of its covenants, the failure of the owner to pay the lessee commissions on a sale of a part interest within the year does not authorize the setting up of the claim for liquidated damages by way of recoupment in an action for rent brought by the joint owners, as in any event only the original owner could be held liable for the commissions.

5. LANDLORD AND TENANT—*appointment of receiver as not eviction of lessees.* Appointment of a receiver in a suit by the lessor held not to have constituted an eviction of the lessees.

6. RECEIVERS—*nature of receiver's possession of property.* A receiver's possession of property is adverse neither to the complainant nor to the defendant; the possession of the property is in the court through its receiver where it must remain for the protection of all of the parties in interest until the court disposes of the possession by ordering the receiver to sell the property or to turn it over to the party to whom ultimately it may be found to belong.

7. RECEIVERS—*effect of appointment on right to possession.* The effect of the appointment of a receiver is not to oust any party of his

right to the possession of the property but merely to retain the property for the benefit of the party who ultimately may appear to be entitled to it, and when the party entitled to the property has been ascertained, the receiver will be considered his receiver.

Appeal by plaintiffs from the Circuit Court of Cook county; the Hon. F. R. DOVE, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Reversed with finding of fact and judgment entered here. Opinion filed February 7, 1927.

SLOTTOW & LEVITON, for appellants; CHARLES LEVITON, of counsel.

FRED J. CROWLEY, for appellees; CLYDE C. FISHER, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by Samuel Bright, Mier Ladon and Bertha Galst, the plaintiffs, from a judgment in favor of the defendants in an action brought by the plaintiffs to recover rent alleged to be due to the plaintiffs from the defendants under a written lease beween the plaintiffs and the defendants.

The case was tried before the court without a jury.

On September 13, 1924, judgment by confession was entered against the defendants in the sum of $3,494.70. On motion of the defendants, it was ordered that the judgment be opened, that leave be granted to the defendants to plead, and that the judgment stand as security. The defendants filed the plea of the general issue, and also a plea of set-off, in which they alleged that the plaintiffs were indebted to the defendants in the sum of $1,583.33 for commissions due to the defendants, as real estate brokers, for the sale of certain property owned by the plaintiffs. The case was called for trial and after the court had heard the evidence, on motion of the defendants their plea of set-

off was withdrawn. The plaintiffs thereupon remitted from their judgment all but $1,333.34, amended their declaration by reducing the *ad damnum* to $1,333.34, which was the amount of the rent alleged to be due for the month of September, 1924, and moved for a judgment for that amount. The court denied the motion, vacated the judgment of $3,490.70 theretofore entered, and rendered judgment in favor of the defendants.

The lease of the premises was originally made between the plaintiff Bright and the defendants. Subsequently Bright conveyed an undivided one-half interest in the premises to Mary Ladon as grantee for Mier Ladon, and Joseph Galst, and assigned to Mier Ladon and Bertha Galst, coplaintiffs in the present action, an undivided one-half interest in the lease.

The lease commenced on December 1, 1922, and expired on November 30, 1927. The total rental was $80,000, payable in monthly instalments of $1,333.34. The defendants sublet the premises to W. B. Thurston and his wife. According to the testimony of one of the witnesses, Mrs. Thurston, who seems to have had the actual charge of the building, "left the building," and went "to parts unknown."

The lease contained a provision that the defendants should have the exclusive right for one year to sell the property for the plaintiff Bright, who was then the sole owner. The sale of the one-half undivided interest which Bright made to Mary Ladon, as grantee for Mier Ladon and Joseph Galst, was within the year in which the defendants had the exclusive right to sell the property.

After the sale of his undivided one-half interest in the property, Bright and his wife, as complainants, began a suit in equity in which the following parties were defendants: Thomas A. Harrison, Edward J. Riedy, who are the defendants in the present action, Mier Ladon, Bertha Galst, who are the coplaintiffs with Bright in the present action, and W. B. Thurston

and wife, the sublessees. In the bill of complaint the complainants referred to the lease of the premises to Harrison and Riedy, the sublease to W. B. Thurston and wife by Harrison and Riedy, and the sale of the one-half undivided interest of the premises to Ladon and Galst. The bill alleged that Harrison and Riedy had not paid the complainant Bright the rent due for December, but had paid one-half the rent to Ladon and Galst and had retained the other half in satisfaction of their, Harrison and Riedy's, claim for commissions for the sale of the one-half undivided interest of the premises by Bright to Ladon and Galst. The bill further alleged that Harrison and Riedy had persuaded Ladon and Galst to refuse to contribute their share of money necessary to operate and maintain the premises, and alleged on belief that Harrison and Riedy were insolvent. The prayer of the bill was for a partition of the premises, the appointment of a receiver and for an injunction restraining W. B. Thurston and wife from collecting the rents from the premises. A receiver was appointed by the court.

In the case at bar the principal defenses relied on by the defendants are: (1) That by way of recoupment the defendants are entitled to an abatement of the full amount of the claim of the plaintiffs by reason of commissions which are alleged to be due to the defendants in the matter of the sale by the plaintiff Bright of his one-half undivided interest in the property to the coplaintiffs Ladon and Galst; that at the time that the plaintiff Bright sold an undivided one-half interest in the property to the coplaintiffs Ladon and Galst, the defendants were in actual possession of the property; that, therefore, the coplaintiffs Ladon and Galst were bound by all of the terms and conditions of the lease, including the covenant in the lease giving the defendants the exclusive right for one year to sell the property; (2) that paragraph 18 of the lease provides as follows: "It is further expressly understood

and agreed by and between the parties hereto that in the event that this lease is forfeited or cancelled by reason of failure on the part of either of the parties to this lease to keep and perform any and all of the covenants and conditions of said lease as hereinabove outlined and agreed upon, then and in that event the party so failing and causing said lease to be cancelled shall pay as liquidated damages to the other party of this lease a sum not exceeding $10,000''; that because of the failure of the plaintiffs to pay the alleged commissions, the plaintiffs forfeited and canceled the lease, and therefore by way of recoupment the defendants are entitled to an abatement of the full amount of the claim of the plaintiffs by reason of the $10,000 liquidated damages which, it is alleged, the plaintiffs owe to the defendants under paragraph 18 of the lease; (3) that the appointment of the receiver in the suit in equity brought by the plaintiff Bright constituted an eviction of the defendants.

It is contended by counsel for the plaintiffs (1) that, since on the trial of the case at bar the defendants relied only on the plea of the general issue, none of their defenses was admissible; (2) that furthermore, even if their defenses were admissible under the plea of the general issue, they are without merit; that whatever claim for commissions the defendants may have is against the plaintiff Bright personally and not against his coplaintiffs Ladon and Galst; and (3) that the mere appointment of the receiver in the suit in equity brought by the plaintiff Bright did not constitute an eviction of the defendants.

Since we are of the opinion that the defenses interposed by the defendants are insufficient, it will not be necessary to decide the question whether the defenses were admissible under the plea of the general issue.

Counsel for the defendants contend that the question of the sufficiency of the defenses cannot be con-

sidered because the plaintiffs presented no propositions of law to the trial court, and that therefore the
Appellate Court is without authority to pass on the
law and the facts. This contention is not correct. It
is the duty of the Appellate Court to consider both
the law and the facts even though no propositions of
law have been presented. *Pittsburgh, C. C. & St. L.
R. Co. v. Chicago City R. Co.,* 300 Ill. 162, 166; *Marks
v. The Knofsky Co.,* 233 Ill. App. 293, 297, 298; *People
v. Oberby,* 240 Ill. App. 112, 115; *Latham v. Hierman,*
233 Ill. App. 360, 364.

In regard to the question whether the alleged commissions due to the defendants may be set up by way
of recoupment against the plaintiffs, we are of the opinion that, assuming for the sake of argument that the
defendants are entitled to commissions, the plaintiffs
are not jointly liable for the commissions; that if anyone is liable for the commissions it is the plaintiff
Bright alone. We do not wish to be understood, however, as expressing an opinion on the question whether
Bright is liable.

The contention of counsel for the defendants, that
the coplaintiffs Ladon and Galst assumed liability for
the payment of the commissions under the lease when
they bought a one-half undivided interest in the property from the plaintiff Bright, is not sound. When the
plaintiff .Bright sold his one-half undivided interest
in the property to his coplaintiffs Ladon and Galst,
Bright was the sole owner of the property and the
only lessor under the lease. The coplaintiffs Ladon
and Galst had no interest in the lease until the sale
was consummated. They were not the sellers. They
were the purchasers. Furthermore, there is no evidence that they explicitly agreed to assume any liability for the payment of the commissions, and in the
absence of such an agreement they would not be liable
impliedly for the commissions under the lease. It is
obvious that except by specific agreement they could

not be charged with a liability of any kind under the lease until they had obtained an interest in the lease. In other words, the lease did not operate retroactively as to them before they acquired an interest in it, but operated prospectively after the acquisition of their interest.

From the conclusion that we have reached on the question of the commissions, it follows that the defendants are not entitled to set up the alleged commissions by way of recoupment against the joint claim of the plaintiffs; and it also follows that the plaintiffs have not forfeited and canceled the lease under paragraph 18 of the lease, and consequently the defendants are not entitled to set up the $10,000 liquidated damages provided for by paragraph 18, by way of recoupment against the joint claim of the plaintiffs. Assuming for the sake of argument that the defendants have the right to recoup against the plaintiff Bright, on the basis of their commissions, and also on the basis of paragraph 18 of the lease, they have not the right to recoup against his coplaintiffs.

The rule is that demands to be the subject of set-off or counterclaim must be mutual between all the parties to the action. 34 Cyclopedia of Law and Procedure, pp. 727, 728. A joint indebtedness cannot be set off against a separate demand, nor can a separate demand be set off against a joint indebtedness. *Priest v. Dodsworth,* 235 Ill. 613, 615, 616; *Dameier v. Bayor,* 167 Ill. 547, 549; 34 Cyclopedia of Law and Procedure, pp. 727, 728.

In regard to the question whether the appointment of the receiver in the suit in equity brought by the plaintiff Bright constituted an eviction of the defendants, we are of the opinion that the appointment of the receiver did not have that effect. The order appointing the receiver provided as follows: "That the Foreman Trust & Savings Bank be appointed a receiver of the premises described in the bill of complaint and of

the rents and incomes thereof, with the usual powers of a receiver in chancery and subject to the instructions and orders of the court.'' Manifestly, the terms of this order reasonably cannot be construed as actually evicting the defendants from the premises. The possession of the receiver was constructive merely, and did not interfere with the occupancy of the premises by the tenants. The rule is that a receiver's possession of property is neither adverse to the complainant nor to the defendant; that the possession of the property is in the court through its receiver, where it must remain for the protection of all of the parties in interest until the court disposes of the possession by ordering the receiver to sell the property or to turn it over to the party to whom ultimately it may be found to belong. *Manning v. Mercantile Securities Co.*, 242 Ill. 584, 595; *Town of Vandalia v. St. Louis, V. & T. H. R. Co.*, 209 Ill. 73, 80; *Coates v. Cunningham*, 80 Ill. 467, 468.

The effect of the appointment of a receiver is not to oust any party of his right to the possession of the property, but merely to retain the property for the benefit of the party who ultimately may appear to be entitled to it, and when the party entitled to the property has been ascertained, the receiver will be considered his receiver. *Wiswall v. Sampson*, 55 U. S. (14 How.) 52, 65; *Union Nat. Bank of Chicago v. Bank of Kansas City*, 136 U. S. 223, 236; *Pennsylvania Steel Co. v. New York City Ry. Co.*, 198 Fed. 721, 728.

In support of their contention that the appointment of the receiver constituted an eviction, counsel for the defendants cite the following cases: *Montanye v. Wallahan*, 84 Ill. 355, 358; *Mariner v. Chamberlain*, 21 Wis. 253, 256. In the case of *Montanye v. Wallahan*, the court held that where a tenant in possession is ordered by the sheriff, having a writ of restitution based upon a judgment against a landlord, to vacate the premises described in the writ, and the tenant and his family leave the premises, and then the party en-

titled to possession under the writ executes a lease to such tenant and permits the tenant to retain possession under him, there is such an eviction by judgment of court as excuses the tenant from the payment of rent to the first landlord. The court said (p. 358): "We are of opinion that there was here an eviction by judgment of court on a superior title, which excuses the payment of rent." We think that it is obvious that the facts in the case at bar are materially different.

In the case of *Mariner v. Chamberlain,* a receiver was appointed in a proceeding to foreclose a mortgage against a railroad company which was in the possession of Chamberlain. Mariner was made a defendant as a party who "has or claims to have some interest in the mortgaged premises as subsequent purchaser or otherwise." Mariner claimed that he had leased part of the mortgaged premises to Chamberlain; that Chamberlain had never surrendered possession to him, and that the lease had been extended two years. The order appointing the receiver directed all of the parties to the action to deliver possession to the receiver. The court said (p. 256): "The order of a court of equity appointing a receiver and requiring a tenant to deliver possession to him, when he takes possession under it, as effectually ousts the tenant during the possession of the receiver, as the execution of a writ of possession on a judgment at law; and the same effect must be given to it as a protection or defense to the tenant in an action by his landlord for rent accruing during such possession of the receiver." It is evident that by the terms of the order appointing the receiver, Chamberlain, the tenant of Mariner, was ousted, and that the receiver actually took possession. In the case at bar, however, the receiver did not actually oust the tenants of Mrs. Thurston, the sublessee of the defendants. On the contrary the tenants continued in the occupancy of the premises after the appointment of the receiver, and paid the rent to Mrs. Thurston, who

in turn paid the rent of the premises to the receiver until she defaulted on her sublease. The receiver then notified the defendants that he would look to them for the rent.

For the reasons stated the judgment of the trial court is reversed with a finding of fact, and judgment will be entered in this court in favor of the plaintiffs for the rent of the month of September, 1924, in the sum of $1,333.34.

*Judgment reversed with finding of fact and judgment entered here.*

McSURELY, P. J., and MATCHETT, J., concur.

Finding of fact. We find as a fact that the defendants are indebted to the plaintiffs for the rent of the premises in question for the month of September, 1924, in the sum of $1,333.34.