The First National Bank of Chicago, Appellee, v. William C. Gordon et al. Appeal of Edison Park State Savings Bank, Appellant. James B. Kaine, Appellee.

Gen. No. 38,867.

84

filed November 2, 1936.  Rehearing denied November 16, 1936.

Rathje & Connor, of Chicago, for appellant.

Gallagher, Rinaker, Wilkinson & Hall and Sonnenschein, Berkson, Lautmann, Levinson & Morse, both of Chicago, for appellee; Arthur R. Hall and Jesse H. Brown, both of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

James B. Kaine, receiver appointed in a foreclosure suit, filed his petition against the Edison Park State Savings Bank, tenant of part of the premises in foreclosure, to compel payment of rent.  The Bank answered, setting up that prior to the appointment of the receiver the lease had been terminated by written agreement between the mortgagor, who was the owner of the equity, and the tenant, and therefore the tenant was liable only for the fair cash rental value of the premises during the time it occupied them after cancellation of the lease, and that such rental value was fixed in the agreement at $50 a month.  A further contention is that the appointment of the receiver terminated the lease.  The matter was referred to a master in chancery who found in favor of defendant Bank, and held that it was liable for $60 a month during the time it occupied the premises after the cancellation

of the lease, which finding was overturned by the chancellor, and it was decreed that the tenant, the bank, pay the monthly rental of $200 as provided in the lease, which aggregated $4,000, and the bank appeals.

The record discloses that on May 1, 1926, the owner of the property executed a mortgage to secure an indebtedness of $55,000, pledging the rents and profits as well as the property. December 1, 1930, the mortgagor entered into a written lease with the Edison Park State Savings Bank for a part of the premises at a rental of $300 a month, which later was reduced to $200 a month. November 1, 1932, the mortgagor was in default in the payment of principal and interest, and he thereupon entered into an agreement with the mortgagee whereby the mortgagor would collect the rents and turn them over to the trustee to apply on the indebtedness. Thereafter the mortgagor collected the rents and turned over to the trustee the net amount of the rent so collected until March, 1934. March 21, 1934, complainant filed its complaint to foreclose the mortgage, and eight days thereafter, viz., March 29, 1934, at about noon served notice on the mortgagor that on the next day it would ask for the appointment of a receiver to collect the rents, etc. On the afternoon of March 29, and after the service of the notice for appointment of a receiver, the Bank and the mortgagor entered into a written agreement whereby in consideration of the Bank releasing the balance of $150 which was due from the mortgagor to the Bank, the lease was canceled and terminated, and it was further agreed that the Bank might remain in possession of the premises until June 1, 1934, at a monthly rental of $50. March 30, 1934, complainant's motion for the appointment of a receiver was continued to April 6, and on the latter date an order was entered appointing James B. Kaine receiver to collect the rents and "take . . . possession of all portions of said prem-

ises not included in the lease from the owner, George P. Wolf, to the defendant, Edison Park State Savings Bank, . . . and all portions of said premises not now in the possession of said other tenants under such leases''; that the receiver ''shall collect the rents due and to become due under their respective leases and otherwise shall enforce the said leases with all the rights, powers and privileges of an assignee thereof, but shall not disturb the said tenants under said leases except under said leases for breach thereof.'' Two days after he was appointed the receiver made a demand on the bank for the payment of the rent reserved by the lease and four days thereafter the directors of the Bank ratified the action of its president and secretary in executing the cancellation agreement with the owner of the premises. The defendant Bank occupied the premises to July 31, 1934, when it went into voluntary liquidation, it having theretofore taken action to bring this about.

Defendant Bank contends the decree is wrong and should be reversed because it entered into a valid agreement with the mortgagor before the appointment of a receiver, and in support of this contention it is argued, and authorities are cited to the effect, that there is no privity of contract or estate between the mortgagee and the tenant until the appointment of a receiver, and that the mortgagor has the right to sell the premises, make or cancel leases, and collect the rents. While, generally, the law is as contended for by counsel lor the Bank, this does not assist very materially in arriving at a proper solution of the question. While the law authorizes the mortgagor and his tenant to enter into agreements without the knowledge or consent of the mortgagee, yet such agreements are not without limitation. While a tenant under a lease from the mortgagor must pay his rent to the mortgagor, he cannot pay it in advance and thereby relieve

himself from again paying it in case a receiver is appointed. *Greenebaum Sons Bank & Trust Co. v. Kingsbury,* 248 Ill. App. 321.

Moreover, in the instant case the tenant Bank knew of the mortgage on the property, knew the mortgagor was in default in his payments, that the mortgagor, the owner of the property, was collecting the rents and turning them over to the trustee to apply on the indebtedness, knew that Wolf was one of its stockholders and directors, and that a receiver might be appointed; in fact the written agreement which sought the cancellation of the lease was not made until after complainant had served notice that it would ask for the appointment of a receiver. In these circumstances, the agreement cannot affect the rights of the mortgagee to the rents, which were pledged as security for the indebtedness. *Bank of Manhattan Trust Co. v. 571 Park Avenue Corp.,* 263 N. Y. 57, 188 N. E. 156; *State Nat. Bank v. Union Nat. Bank,* 168 Ill. 519.

In the *Manhattan Trust Co.* case the Court of Appeals of New York said (pp. 62, 63): "A contract by the mortgagor or its successors surrendering the right to receive rent for the mortgaged premises, or assigning, in whatever manner, the rents collectible from those premises, is unquestionably an impairment of the lien of the mortgage upon the rents. It is not necessary to find any collusion in making such an arrangement; it was simply beyond the power of the parties either to appropriate the pledged rents to a different indebtedness, or to defeat the pledge by granting the use of the premises rent free. . . . These rents were expressly made security for the mortgage indebtedness . . . The pledge of these rents could not subsequently be rendered worthless either by another assignment of rents to be received, or by contracting away the right to collect any rent."

Defendant Bank further contends that "The appointment of a receiver in foreclosure proceedings has the effect of terminating all leases made subject to the mortgage being foreclosed." This contention is "both novel and startling" and clearly unsound. It is contrary to the universal practice in all courts of this State. If the contention were sustained, then no complainant would have the temerity to ask for the appointment of a receiver, because if he did so a great part of his security would be wiped out. The appointment of a receiver to collect the rents pending foreclosure does not terminate the leases. *Bright v. Riedy,* 243 Ill. App. 314; *Walgreen Co. v. Moore,* 116 N. J. Eq. 348, 173 Atl. 587; *Vandalia v. St. L. V. & T. H. R. Co.,* 209 Ill. 73; *Heffron v. Gage,* 149 Ill. 182; *Chicago Title & Trust Co. v. McDowell,* 257 Ill. App. 492; *Met. Life Ins. Co. v. Childs Co.,* 230 N. Y. 285.

In the *Walgreen Co.* case the court said (p. 349): "The sole question presented on this motion is whether or not the lease of a lessee who is not a party defendant to a bill to foreclose a prior mortgage is terminated by the appointment of a rent receiver in a foreclosure suit. The answer is that it is not, and this proposition seems to me to be too plain to admit of argument. Complainant's contention is both novel and startling. The lease by its terms was binding upon the successors and assigns of the lessor and lessee. The mortgage contained an express assignment of the rents. The lease cannot be terminated by the lessor except by some act which amounts to an eviction. The filing of a bill to foreclose and the appointment of a rent receiver do not constitute an eviction. . . . A rent receiver appointed by this court is an officer of the court and as such is entitled to collect all rents accruing subsequent to the date of his appointment. . . . It is argued that possession by the receiver is possession by the mortgagee; that that possession terminated

the mortgagor's possession and title, and that since the subsequent lessee's interest is derived from the mortgagor, the interest of the lessee is likewise terminated. If that argument were sound no mortgagee would ever take possession of mortgaged premises under the clause giving him a right to do so, nor would any receiver of rents ever be appointed in foreclosure proceedings, as upon such appointment the rental income would cease. But while the possession of a rent receiver has been likened to that of a mortgagee in possession, it is the possession of the court and not of the mortgagee. Such possession does not *terminate* the rights of any party to the proceedings, much less those of one not a party. They are merely held in abeyance and preserved *pendente lite.* And moreover, the title of the mortgagor is not 'terminated' until final decree and sale.''

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*